# 09 CV 4602

JUDGE ROBINSON

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| Jason Zimmerman, on behalf of himself and all others similarly situated, | ) ) ) | Civil Action No. _____ _____ |
| Plaintiff, | ) ) | |
| -against- | ) ) | **CLASS ACTION** |
| Portfolio Recovery Associates, LLC, | ) ) | **JURY DEMANDED** |
| Defendants. | ) ) | |

## CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE
## FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. 1692, *et seq.*

Plaintiff, by and through his attorneys, Lemberg & Associates, LLC, on behalf of himself and all other persons similarly situated, alleges:

### PRELIMINARY STATEMENT

1.    Plaintiff, Jason Zimmerman, files this Complaint seeking redress for the illegal practices of Defendant Portfolio Recovery Associates, LLC ("Portfolio Recovery") in connection with the illegal collection of debts from consumers in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

2.    In violation of the FDCPA, Defendant sent the Plaintiff and other class members demand letters accompanied by draft complaints assembled in such a way as to deceive consumers into thinking that a lawsuit had been already filed against them. (Ex. A). The FDCPA prohibits such 'simulated process.'

## PARTIES

3.      The Plaintiff, Jason Zimmerman, is an individual residing in Unionville, New York.

4.      The Plaintiff is a "consumer" as defined by § 1692a(3) of the FDCPA, in that the alleged debts that Defendant sought to collect from him are consumer debts, as defined by § 1692a(5) of the FDCPA, because they were originally incurred for personal, family or household purposes.

5.      Portfolio Recovery Associates, LLC is a public foreign corporation, organized under the laws of the State of Delaware, which has its principal place of business in Norfolk, Virginia.

6.      Defendant is actively engaged in the business of collecting debts allegedly owed by consumers through various means.

7.      Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA in that it is regularly engaged in the collection of debts allegedly due to others.

## JURISDICTION AND VENUE

8.      This court has federal question jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

10.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district, and Plaintiff resides here.

11.    Venue is also proper in this district because Portfolio Recovery can be found, has agents and/or transacts business in this district.

## STATEMENT OF FACTS

12.    On or about April 15, 2009, Portfolio Recovery undertook to collect alleged debts from Plaintiff for money owed on a credit card account.

13.    To collect the alleged debt, Defendant mailed Plaintiff a letter dated April 15, 2009, on Portfolio Recovery Litigation Department letterhead, signed by Attorney Catherine M. Hedgeman (hereafter "Hedgeman"), threatening a lawsuit if the Plaintiff did not pay the alleged debt, or make payment arrangements, within 14 days. (Ex. A).

14.    Attached to the demand letter referenced in Paragraph 13 was a draft Summons, Complaint, together with an Affidavit of Military Investigation, an Affidavit of Ownership and Sale of Claim, and, on the last page, Notice to Debtor Pursuant to the Fair Debt Collection Practices Act. (Ex. A).

15.    On information and belief, the demand accompanied by form, unsigned documents simulating legal process are substantially identical to thousands of letters sent to consumers across the nation and in New York.

## CLASS ACTION ALLEGATIONS

16.    Plaintiff brings this case as a class action pursuant to Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure on behalf of himself and all others similarly situated.  The class is defined as:

<u>Class A.</u> All persons who, according to Defendant's records were sent a demand for payment letter on Portfolio Recovery letterhead threatening a lawsuit with a draft summons and complaint attached in a form materially identical or substantially similar to the letter sent to the Plaintiff (Ex. A);

<u>Class B.</u> All persons in New York who, according to Defendant's records were sent a demand for payment letter on Portfolio Recovery letterhead signed by Hedgeman with summons and complaint attached in a form materially identical or substantially similar to the letter sent to the Plaintiff (Ex. A).

17.     These proposed classes consist of thousands of consumers. Because such collection letters are mass-mailed form letters, the classes are so numerous that joinder of all members is impractical. The exact numbers and identities of class members are unknown at this time and can only be ascertained through appropriate discovery. Plaintiff believes that there are thousands of such consumers. The identification of the consumers who received the letters (i.e. the class members) is a matter capable of ministerial determination from the records of Defendant. Bringing this action as a class will fairly insure the adequate representation of all who may sue.

18.     The claim of the Plaintiff is typical of the claims of the members of the classes, as all members of the classes received substantially the same letter with substantially the same attachment, i.e. a collection letter threatening a lawsuit with a summons and complaint attached. All members of the classes sustained the same injury and sustained the same damages.

19.     There are questions of law and fact common to the classes that predominate any questions affecting only individual class members. Among the numerous questions of law and fact common to the class are:

(a)   Whether Defendant violated Section 1692g of the FDCPA by overshadowing the notice of the right to dispute within 30 days (contained on page ten, the last page of the mailing) by the threat of filing an enclosed summons and complaint if their demand for payment was not made within 14 days;

(b)   Whether Defendant violated Section 1692e(9) and 1692e(13) of the FDCPA by simulating process and/or implying that documents are legal process by attaching a summons and complaint to the demand for payment letter;

(c)   Whether Defendant violated Section 1692e(5) of the FDCPA by threatening to take action that cannot legally be taken by threatening to file a lawsuit in an improper venue;

(d)   Whether the demand for payment letter with summons and complaint attached sent by Defendant violates the FDCPA as seen from the perspective of the "least sophisticated consumer;" and

(e)   Whether Defendant violated N.Y. Gen. Bus. Law §349 by engaging in the aforementioned deceptive acts and practices.

20.   Plaintiff's claims are typical of the classes as required by FED. R. CIV. P. 23(a)(3). Plaintiff and all members of the classes sustained damages arising out of the Defendant's common course of conduct as complained of herein. The amount of money at issue is such that proceeding by way of a class action is the only economical and sensible manner in which to vindicate the injuries sustained by Plaintiff and members of the classes.

21.     Plaintiff will fairly and adequately represent the class members' interests, all of whom are victims of the Defendant's unlawful and wrongful conduct.  All of the class members' allegations are based on the same facts and legal theories.

22.     Plaintiff has retained counsel experienced in bringing consumer class actions and collection abuse claims.

23.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy under FED. R. CIV. P. 23(b)(3).  Congress specifically envisioned class actions as a principal means of enforcing the FDCPA.  *See* 15 U.S.C. 1692k(a)(2)(B).  Absent a class action, most members of the class would find the cost of litigating these claims to be prohibitive, and therefore, would have no effective remedy at law.  The members of the classes are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.  The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the court and the litigants and promotes consistency and efficiency of adjudication.

24.     All allegations in the complaint are repeated in each Count.

### COUNT ONE
**Violations of the Fair Debt Collection Practices Act,
15  U.S.C. § 1692e(9) By
Misrepresenting Documents as Documents Authorized by a Court**

25.     Section 1692e(9) of the Fair Debt Collection Practices Act provides, in relevant part:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section . . .

(9) The use or distribution of any written communication which simulates or is falsely represented to be document authorized, issued, or approved by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval.

26.     Defendant mailed to Plaintiff papers that were captioned "Summons" and "Complaint" that were accompanied by documents captioned "Affidavit of Military Investigation" and "Affidavit of Ownership and Sale of Claim." (Ex. A).

27.     The aforementioned papers the Defendant mailed to Plaintiff purported to adhere to the customary form of such documents when filed in the "State of New York, Civil Court, 1st Dist of Nassau," thus simulating a summons and complaint for the District Court of Nassau County, 1st District, State of New York.

28.     In Defendant's demand for payment letter dated April 15, 2009, the Defendant stated that the attached documents were either filed or about to be filed with the court.

29.     Upon receipt of the documents attached hereto (Ex. A), it appeared to the Plaintiff, as it would to any unsophisticated consumer, that he was in the process of being sued.

30.     Therefore, Defendant used a false, deceptive or misleading representation in connection with collection of a debt. The Plaintiff is entitled to damages for Defendant's violations of the FDCPA.

## COUNT TWO
### Violation of the Fair Debt Collection Practices Act, 16 U.S.C. § 1692e(13) By Misrepresenting Documents as Legal Process

31.     Section 1692e(13) of the Fair Debt Collection Practices Act provides, in relevant part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section . . .
>
> (13) The false representation or implication that documents are legal process.

32.     Defendant mailed to Plaintiff papers that were captioned "Summons" and "Complaint" that were accompanied by documents captioned "Affidavit of Military Investigation" and "Affidavit of Ownership and Sale of Claim." (Ex. A).

33.     Documents Defendant mailed to Plaintiff and other class members purported to adhere to the customary form of such documents when filed in the "State of New York, Civil Court, 1st Dist of Nassau," thus simulating a summons and complaint for the District Court of Nassau County, 1st District, State of New York.

34.     The documents were not, in fact, legal process.

35.     Therefore, Defendants used a false, deceptive or misleading representation in connection with collection of a debt.

36.     The Plaintiff is entitled to damages for Defendant's violations of the

FDCPA.

## COUNT THREE
### Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692g, *et seq.*, By Overshadowing the Consumer's Right to Dispute the Validity of the Debt

37.     Section 1692g of the Fair Debt Collection Practices Act requires debt

collectors such as Defendant to provide consumers with a notice of the right to dispute the

debt within five days after the initial communication with the consumer.

38.     Any collection activities and communication during the 30-day period may

not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the

debt or request the name and address of the original creditor.

39.     By letter dated April 15, 2009, on Portfolio Recovery Litigation Department

letterhead, appearing to be signed by Catherine M. Hedgeman, Esq., the Defendant stated

that if the Plaintiff paid the alleged balance due on his account, or made acceptable

payment arrangements by April 29, 2009, counsel would "stop the lawsuit from being filed

against you."

40.     The last page attached to the April 15, 2009 demand for payment letter

(page ten) contained a Notice to Debtor Pursuant to the Fair Debt Collection Practices Act

(15 U.S.C. §1692).

41.     The deadline date of April 29, 2009, giving the Plaintiff two weeks to either

pay the alleged balance due on the account, or make acceptable payment arrangements to

"stop the lawsuit," appeared in bold two times on the April 15, 2009 demand for payment letter.

42.     The Plaintiff's right to dispute the debt, or request the name and address of the original creditor within 30 days, contained on page ten was overshadowed by, and inconsistent with, the cover letter threatening to continue the legal proceedings of the attached legal documents simulating process if the Plaintiff did not pay the alleged balance due on his account, or make acceptable payment arrangements, within 14 days.

43.     The conflicting deadlines, attachment of legal documents simulating process, and threat to continue legal action in 14 days resulted in overshadowing the validation notice required by Section 1692g.

44.     The notice is intended to protect the consumers' right to a 30-day period in which to dispute debts.

45.     The conflicting deadlines, attachment of legal documents simulating process, and threat of lawsuit within 14 days, confused and discouraged the Plaintiff from exercising his statutory right to dispute the validity of the debt within 30 days.

46.     These attempts by Defendant to collect the alleged debt are in direct violation of section 1692g of the FDCPA and Plaintiff is entitled to damages as a result.

## COUNT FOUR
### Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(10), *et seq.*, By Using a False Representation or Deceptive Means to Collect a Debt

47.     Section 1692e(10) prohibits debt collectors from using false representations or deceptive means to collect a debt or obtain information about a consumer.

48.     By letter dated April 15, 2009, the Defendant informed the Plaintiff that a "copy of the lawsuit our local counsel in your state intends to file against you" is included with the collection letter. (Ex. A).

49.     The letter informed the Plaintiff that the Defendant could "instruct [Portfolio Recovery's] local counsel not to file lawsuit" if the balance of the debt was paid.

50.     The Defendant violated the Fair Debt Collection Practices Act by mailing a misleading communication to the Plaintiff.

51.     The Plaintiff was misled into believing that an attorney was prepared to file a lawsuit against the Plaintiff and that the Defendant had control over the attorney's actions.

52.     The Defendant violated the provisions of the Fair Debt Collection Practices Act by falsely misleading the Plaintiff into believing that the Defendant controlled an attorney's actions and could prevent a lawsuit from being filed against the Plaintiff.

53.     The Plaintiff is entitled to damages as a result of the Defendant's violations of the FDCPA.

## COUNT FIVE
### Violation of Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(5), *et seq.*, By Threatening to Take Legal Action Without the Intent of Taking Legal Action

54.    The April 15, 2009, letter sent by Defendant to the Plaintiff threatens to take legal action if the debt is not satisfied by April 29, 2009.

55.    Upon information and belief, Hedgeman, the purported "local counsel" to the Defendant, has never filed an action on behalf of Portfolio Recovery Associates, LLC, and has no intention of filing suit.

56.    Threatening to take legal action without intending to take legal action is a direct violation of the Fair Debt Collection Practices Act, Section 1692e(5).

57.    The Plaintiff is entitled to damages as a result of the Defendant's violation.

## COUNT SIX
### Violation of N.Y. Gen. Bus. Law §349

58.    N.Y. GBL §349(a) deems unlawful "[d]eceptive acts or practices in the conduct of any business, trade or commerce . . ."

59.    Defendant violated N.Y. GBL §349(a) in one or more of the following ways:

(a) providing conflicting deadlines which resulted in overshadowing the notice required by 15 U.S.C. §1692g of a consumer's right to a 30 day period in which to dispute a debt;

(b) threatening to take action that cannot legally be taken by threatening a lawsuit in an improper venue;

14

(c) distributing the aforementioned written communication contained in Ex. A which simulates or is falsely represented to be a document authorized, issued, or approved by any court, or which creates a false impression as to its source, authorization, or approval;

(d) falsely representing or implying that documents are legal process;

60.    Defendant is in the business of collecting debts and therefore the violations are likely to affect the general public, now and in the future.

61.    Defendant violated N.Y. GBL §349(a) willfully or knowingly.

## COUNT SEVEN
### Portfolio Recovery Associates, LLC is Vicariously Liable for Actions of Catherine Hedgeman, Esq.

62.    Portfolio Recovery Associates, LLC, engaged Hedgeman as its New York counsel.

63.    Hedgeman's signature block, electronically reproduced, appears at the bottom of the form summons and complaint sent to the Plaintiff. (Ex. A).

64.    Additionally, although the April 15, 2009, letter to the Plaintiff states that "local counsel" intends to file a lawsuit against the Plaintiff and that payment arrangements will "stop the lawsuit" from being filed against Plaintiff, the letter is signed by Hedgeman on behalf of Portfolio Recovery Associates, LLC.

65.    By placing her signature block at the bottom of the April 15, 2009, letter bearing Portfolio Recovery Associates, LLC's letterhead, Hedgeman has held herself out as being associated with the Defendant.

14

66.     Hedgeman violated the Fair Debt Collection Practices Act by: (1) misrepresenting that documents are legal process when they were not; (2) misrepresenting documents as authorized by a court; (3) overshadowing the Plaintiff's right to dispute the debt; (4) threatening legal action without intending to take legal action; and (5) using deceptive means to collect a debt.

67.     Portfolio Recovery Associates, LLC is vicariously liable for the actions of Hedgeman.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff asks that this Court enter judgment in his favor and in favor of the members of the nationwide class against Portfolio Recovery Associates, LLC and award damages as follows:

A) Statutory damages provided under the FDCPA, 15 U.S.C. § 1692k;

B) Attorney fees, litigation expenses and costs incurred pursuant to 15 U.S.C. § 1692(a)(3);

C) A declaration that Defendant's form collection letters, represented by the one attached as Ex. A, violate the FDCPA;

D) Punitive damages in such sum as the Court shall award; and

E)  Any other and further relief this Court deems just and appropriate.


Plaintiff demands a trial by jury.


Dated:  Stamford, CT
        May 11, 2009

                                    Respectfully submitted,


                                    By _____
                                    Sergei Lemberg (SL 6331)
                                    LEMBERG & ASSOCIATES L.L.C.
                                    1100 Summer Street
                                    Stamford, CT 06905
                                    Telephone: (203) 653-2250
                                    Facsimile:  (203) 653-3424
                                    Attorneys for Plaintiff


                                    Of-Counsel
                                    Martin Mushkin, Esq.  (MM 7921)
                                    Law Offices of Martin Mushkin, Esq.
                                    1100 Summer Street
                                    Stamford, CT 06905
                                    Telephone: (203) 653-2250
                                    Facsimile:  (203) 653-3424


14