UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JASON ZIMMERMAN, on behalf of himself and all others similarly situated,<br><br>      Plaintiff,<br><br>  -against-<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. 7:09-cv-04602 (PGG) |

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION FOR
<u>CLASS CERTIFICATION</u>**

**<u>Preliminary Statement</u>**

  Plaintiff, Jason Zimmerman ("Zimmerman"), in his own behalf and on behalf of all others similarly situated, respectfully submits this Memorandum of Law in support of his motion for Class Certification.

**<u>Brief Factual Summary</u>**

  Zimmerman sued debt collector Portfolio Recovery Associates, LLC ("PRA") in his own behalf and as a proposed Class representative seeking redress for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"). The allegations arise from PRA's transmission of what PRA describes as "Pre-Suit Package." The Pre-Suit Package includes a form cover letter from PRA's "Litigation Department." The letter begins: "Enclosed please find a copy of the lawsuit our local counsel in your state intends to file against you related to the delinquent account referenced above" and bears the facsimile signature of PRA's employee, New York associate attorney Catherine

Hedgeman. A copy of PRA's "Pre-Suit Package" sent to Mr. Zimmerman on or about April 15, 2009 is annexed to the Complaint [D-1[1]] and was identified by Ms. Hedgeman, Mr. Mesisco and Mr. Zimmerman during their respective depositions [Hedgeman Tr.[2] 82:2-83:25; Mesisco Tr.[3] 82:24-83:14; Zimmerman Tr.[4] 6:19-7:3].

The Pre-Suit Package transmitted to Mr. Zimmerman is one of 990 Pre-Suit Packages sent to New York consumers [PRA's Response to Interrogatory 19]. The documents contained in the Pre-Suit Package were developed by Hedgeman shortly after she began employment with PRA in September 2008. [Hedgeman Tr. 8:8-13, 83:1-85:5, 91:1-93:1, 147:14-148:3; Mesisco Tr. 69:1-5]. The April 15, 2009 cover letter and each of the enclosed documents were prepared from templates created and maintained by PRA [Hedgeman Tr. 85:6-87:3, 88:22-89:2, 90:11-2; PRA Adm. 38-42, inclusive]  The documents enclosed included a "Consumer Credit Transaction Summons," a "Complaint" and an "Affidavit of Military Investigation," each of which "adhered to the customary form of such documents when filed in New York State [trial courts]"[5]  [Zimmerman Aff. ¶2; Ex. 10; Hedgeman Tr. 95:22-96:4]. In fact, PRA acknowledged that the documents generated for use in actual litigation are identical to those generated for and transmitted with the Pre-Suit Package [Hedgeman Tr. 95:22-96:4].

As was PRA's practice, PRA also included with its Pre-Suit Package a document entitled "Notice to Debtor Pursuant to the Fair Debt Collection Practices Act" which

---

[1] "D-__" refers to the numbered entry on the Court's docket sheet.
[2] Excerpts of Hedgeman's deposition taken on March 9, 2010 are annexed as Exhibit 6 to the accompanying Certification of attorney Susan Schneiderman
[3] Excerpts of Mesisco's deposition taken on March 9-10, 2010 are annexed as Exhibit 7 to the accompanying Certification of attorney Susan Schneiderman.
[4] Excerpts of Zimmerman's deposition taken on April 20, 2010 are annexed as Exhibit 8 to the accompanying Certification of attorney Susan Schneiderman.
[5] Wiener v. Bloomfield, 901 F.Supp. 771, 776 (S.D.N.Y. 1995)

includes disclosures and a validation notice tracking the language of 15 U.S.C. §1692g [Ex. 10]. In fact, that language, which expressly provides the consumer with a thirty-day window within which to dispute the debt, is repeated in the body of the "Complaint" contained in the Pre-Suit Package. Nevertheless, disregarding the language of its notices, PRA's form cover letter cautioned Mr. Zimmerman that the only way to "stop the lawsuit from being filed" was by paying in full or making "acceptable payment arrangements" "by April 29, 2009," *i.e.* within 2 weeks of the date of the letter.

Mr. Zimmerman had never been sued and until this action was commenced against PRA in May 2010, had never started a suit [Zimmerman Tr. 78:13-18]. He read through the Pre-Suit Package "carefully," "numerous times." [Zimmerman Tr. 62:7-9; 76:12-15; 79:19-21]. Mr. Zimmerman was confused by the contradictory messages contained in PRA's Pre-Suit Package [Zimmerman Tr. 76:14-77:8; 77:21-78:12; Zimmerman Aff. ¶3]. He ultimately concluded that a lawsuit "already existed" against him and that he "needed to come up with money real fast for a lawyer." [Zimmerman Tr. 62:7-9; 76:9-11; 78:7-12; Zimmerman Aff. ¶5]. This lawsuit was commenced less than one month later.

Zimmerman asks that he be certified as class representative, that his chosen counsel be certified as class counsel and that the action be certified as a class action on behalf of the following class of consumers:

> All consumers to whom the Defendant sent a demand for payment letter on PRA letterhead signed by Hedgeman and enclosing a draft summons and complaint in a form materially identical or substantially similar to the Pre-Suit Package sent to the Plaintiff.

## LEGAL ANALYSIS AND ARGUMENT

## Legal Standard For Class Certification

Class actions serve three essential purposes: (1) they facilitate judicial economy by the avoidance of multiple suits on the same subject matter, American Pipe and Constr. Co. v. Utah, 414 U.S. 538, 550, 94 S. Ct. 756, 764-65, 38 L. Ed.2 d 713 (1974); (2) they provide a feasible means for asserting the rights of those who "would have no realistic day in court if a class action were not available," Phillips Petroleum Co. v. Shutts, 472 U.S. 797, 809, 105 S. Ct. 2965, 2973, 86 L. Ed. 2nd 628 (1985); and (3) they deter inconsistent results, assuring a uniform, singular determination of rights and liabilities. First Federal of Michigan v. Barrow, 878 F.2d 912, 919 (6th Cir. 1989). With these policies in mind, Congress expressly recognized the propriety and utility of class litigation for enforcement of consumers' rights under the FDCPA, providing statutory authority including a statutory mechanism for computation of class awards. FDCPA §§ 813(a)(2)(B) and (b)(2), 15 U.S.C. §§ 1692k (a)(2)(B) and (b)(2).

Fed. R. Civ. P. Rule 23(a) identifies four prerequisites to class certification which must be met by all proposed class actions: (1) the class must be so numerous that joinder of all members is impracticable, (2) there must be questions of law or fact which are common to the class members, (3) the claims or defenses of the representative parties must be typical of the claims or defenses of the class members, and (4) the representative parties must be expected to fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a)(1)-(4). In addition to satisfying the Rule 23(a) prerequisites, a plaintiff must demonstrate that the proposed class action falls within one of the three categories described in Rule 23(b). Green v. Wolf Corp., 406 F.2d 291, 298 (2d Cir. 1968); *see also* Amchem

Products, Inc. v. Windsor, 521 U.S. 591, 614, 117 S. Ct. 2231, 138 L. Ed .2nd  689 (1997).

The district judge may certify a class only after determining that each of the Rule 23(a) requirements has been met and that the case qualifies for treatment as a class action under Rule 23(b) .  Assessment of the underlying merits is appropriate only to the extent necessary to decide whether Rule 23 has been satisfied; class certification proceedings should not be transformed "into a protracted mini-trial of substantial portions of the underlying litigation." In re Initial Public Offering Securities Litigation, 471 F.3d 24, 41 (2d Cir. 2007).

The District Judge must "assess all of the relevant evidence admitted at the class certification stage and determine whether each requirement has been met, just as the judge would resolve a dispute about any other threshold prerequisite for continuing a lawsuit." Id. at 42.  At the same time, "courts are implored to construe liberally the Rule 23 requirements." LaFlamme v. Carpenters Local No. 370 Pension Plan, 212 F.R.D. 448, 452 (N.D.N.Y. 2003).

## POINT I

### PLAINTIFF SATISFIES THE BURDEN OF ESTABLISHING THAT THE FED. R. CIV. P. 23(a) REQUIREMENTS ARE MET

A district court may only certify a class "after making determinations that each of the Rule 23 requirements has been met." In re Initial Public Offerings Securities Litigation, 471 F.3d 24, 41 (2d Cir.2006).  The Court is required to undertake a "rigorous analysis," designed to ensure "actual, not presumed conformance," with Fed.R.Civ.P. 23. Id. at 33, quoting General Telephone Co. of the Southwest v. Falcon, 457 U.S. 147, 160-61, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982).  The necessary elements must be established by a

preponderance of the evidence. Teamsters Local 445 Freight Div. Pension Fund v. Bombardier Inc., 546 F.3d 196, 202 (2nd Cir.2008). The following demonstrates that Plaintiff has met that burden.

Here, the particular provisions of the FDCPA which form the basis for the Zimmerman's assertion that a class action is appropriate are found in 15 U.S.C. §§1692e (9), 10 & (13), which generally proscribe, as false deceptive or misleading debt collection practices,

> (9) The use or distribution of any written communication which simulates or is falsely represented to be document authorized, issued, or approved by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval.
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.
>
> * * * * *
>
> (13) The false representation or implication that documents are legal process.

### A. <u>Numerosity – Fed. R. Civ. P. 23(a)(1)</u>

Rule 23(a)(1) requires that the proposed class be "so numerous that joinder of all members is impractical." A plaintiff need not precisely quantify the prospective class so long as reasonable estimates are provided. <u>Robidoux v. Celani</u>, 987 F.2d 931, 935 (2d Cir. 1993). As a general rule, a prospective class of forty or more raises a presumption of numerosity. *E.g.* <u>Consolidated Rail Corp. v. Town of Hyde Park</u>, 47 F.3d 473, 483 (2d Cir. 1995).

PRA confirms that, between the date on which Catherine Hedgeman commenced employment in September 2008 and the May 14, 2009 filing of Mr. Zimmerman's

6

Complaint, PRA caused nine hundred ninety (990) Pre-Suit Packages to be sent to New York consumers [PRA Int. Resp. 17 & 19; Ex. 11].   Therefore, Plaintiff's burden of proof as to the numerosity requirement is satisfied.

### B. Commonality – Fed. R. Civ. P. Rule 23(a)(2)

Satisfaction of the commonality requirement entails demonstrating that the claims of the proposed class representative and the putative class members share common questions of law and/or fact.  Fed. R. Civ. P. 23(a)(2).  Even if the circumstances of individual class members differ, the commonality requirement is met if the class members' claims arise from a "unitary course of conduct."  Vengurlekar v. Silverline Technologies, Ltd., 220 F.R.D. 222, 227 (S.D.N.Y 2003), *citing*. Marisol A. v. Giuliani, 126 F.3d 372, 377 (2d Cir.  1997) *(per curiam)*.   Rule 23(a)(2) demands only that the central issues of law or fact "occupy essentially the same degree of centrality to the named Plaintiffs' claim as to that of other members of the proposed class." Krueger v. New York Tel. Co., 163 F.R.D. 433, 442 (S.D.N.Y. 1995); *see also* In re "Agent Orange" Prod. Liability Litigation, 818 F.2d  145, 166-67 (2d Cir.  1987).

Here, each of the class members was sent a Pre-Suit Package substantially identical to the Pre-Suit Package received by Mr. Zimmerman.  Therefore, the predominant questions of law and fact raised by Zimmerman in this Action are common to the class members.   More particularly, Plaintiff contends that the form and content of the Letter and Pre-Suit Package, standing alone, constitute FDCPA violations. Among the numerous questions of law and fact common to the class are:

- Did PRA violate Sections 1692e(9) and 1692e(13) of the FDCPA by communicating with consumers via documents which simulated legal process?

- Did PRA violate Sections 1692e(9) and 1692e(13) of the FDCPA by communicating with consumers via documents which simulated documents which typically are used to commence legal proceedings in the New York State trial courts?

- Did PRA violate Sections 1692e(9) and 1692e(13) of the FDCPA by creating the false impression that the documents transmitted were authorized or approved by a court?

- Did PRA violate Sections 1692e(9) and 1692e(13) of the FDCPA by representing or implying that documents were legal process?

- Did PRA violate Section 1692e(10) of the FDCPA by transmitting communications to consumers which contained inconsistent, misleading and confusing information concerning deadlines and dates by which the consumer was required to act?

Plaintiff respectfully submits that the requirement of commonality has been satisfied.

### C. Typicality – Fed. R. Civ. P. 23(a)(3)

The claims or defenses of the representative party or parties must be "typical" of those of the members of the prospective class. Fed. R. Civ. P. Rule 23(a)(3). The requirement "is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability irrespective of minor variations in the fact patterns underlying individual claims." Robidoux v. Celani, *supra* at 987 F.2d 936-37; *quoting* In re Drexel Burnham Lambert, 960 F.2d 285, 291 (2d Cir. 1992). "In short, the test for typicality is not

demanding." Pyke v. Cuomo, 209 F.R.D. 33, 42 (N.D.N.Y. 2002) (quotations and citations omitted).

Mr. Zimmerman's predominant claims, that the form and content of the Pre-Suit Package constitutes *per se* violations of the FDCPA, are identical to the claims of each of the putative class members.

### D. Adequacy of Representation– Fed. R. Civ. P. 23(a)(4)

The final prerequisite to class certification is demonstrating that the representative plaintiffs and their chosen counsel are adequate to represent the class. It must be shown that the named plaintiff will fairly and adequately represent the interests of class and that class counsel is "qualified, experienced, and generally able to conduct the litigation." Marisol A. v. Giuliani, 126 F.3d 372, 378 (2d Cir. 1997), *quoting* In re Drexel Burnham Lambert Group, Inc., *supra* at 960 F.2nd 291 (2d Cir. 1992).

Here, Jason Zimmerman and his cousenl have each submitted an affidavit attesting to his qualifications to act as class representative and class counsel, respectively. Among other things, Mr. Zimmerman has demonstrated his commitment to representing the interests of the Class and his interests cannot be shown to be antagonistic to those of the unnamed class members. As he confirmed at his deposition, Mr. Zimmerman understands that, in order to "fairly and adequately protect the interests of the class members" he is required to "do what is right…and do what's in the best interest for all of us" so that "hopefully the actions of the defendant will cease and proper meadures will be taken in collecting a debt." [Zimmerman Tr. 99:8-17; 100:11-15].

[WILL ADD STUFF – THIS WAS TAKEN FROM ANOTHER MOTION]Mr. Lemberg is experienced in the field of consumer litigation, and FDCPA litigation in particular, both for individuals and classes of plaintiffs.

For all of the foregoing reasons, it is clear that this case meets all of the class action prerequisites set forth in Fed.R.Civ.P. Rule 23(a).

## POINT II

### A CLASS SHOULD BE CERTIFIED UNDER FED.R.CIV.PRO. RULE 23(b)(3)

Once the Court determines that the requirements of Fed.R.Civ.P. 23(a) have been met, it must then decide whether the class fits within one of the "types" described in Fed.R.Civ.P. Rule 23(b).  A "Type 3" Class Action is defined under Fed.R.Civ.P. Rule 23(b)(3).  For certification under subdivision (3) a two-pronged test must be met.  First "questions of law or fact common to class members [must be found to] predominate over questions affecting only individual members."  Additionally, the Court must find that "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."  Fed.R.Civ.P. Rule 23(b)(3).  *E.g.* Amchem Prods. v. Windsor, 521 U.S. 591, 615, 117 S. Ct. 2231, 138 L. Ed. 2d 689 (1997); In re Initial Public Offerings Securities Litigation, 471 F.3d 24, 41 (2d Cir.2006).

The predominance requirement is a measure of the cohesiveness of the class, and "will be established if 'resolution of some of the legal or factual questions that qualify each class member's case as a genuine controversy can be achieved through generalized proof, and if these particular issues are more substantial than the issues subject only to

individualized proof.'" In re WorldCom, Inc. Securities Litigation, 219 F.R.D. 267, 288 (S.D.N.Y. 2003) (*quoting* Moore v. PaineWebber, Inc., 306 F.3d 1247, 1252 (2d Cir. 2002)).

To satisfy the second prong and determine that the class action structure is "superior to other available method" of adjudication, the Court must consider the interests of individual members of the class in controlling their own individual litigation, the nature and extent of any existing parallel litigation, the desirability of concentrating the litigation in one forum and the manageability of the class action. In re Initial Public Offerings Securities Litigation, *supra* at 471 F.3d 41. The requirement insures that the purpose of of Rule 23, *i.e.* "greater efficiency via collective adjudication and, relatedly, greater uniformity of decision as to similarly situated parties" is achieved. Eldred v. Comforce Corp., 2010 WL 812698, *20 (N.D.N.Y., March 2, 2010). (*citing* In re Nassau Country Strip Search Cases, 461 F.3d 219, 228 (2d Cir. 2006). "When plaintiffs are 'allegedly aggrieved by a single policy of defendants,' such as [a] blanket policy ... the case presents 'precisely the type of situation for which the class action device is suited' since many nearly identical litigations can be adjudicated in unison." *Id.*

Plaintiff submits that it is incumbent upon the Court to find that the Rule 23(b)(3) criteria have been met. A class action is clearly the best means by which to adjudicate the propriety of the targeted PRA practices. Each of the elements is squarely satisfied. For example, a class of precisely 990 is clearly manageable. In addition, the vast majority of class members would find the cost of proceeding to be prohibitive and the statutorily imposed one-year limitations period would foreclose a majority of the class members from commencing suit. A class action is superior to other available methods for the fair and

efficient adjudication of the controversy. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the court and the litigants and promotes consistency and efficiency of adjudication.

## CONCLUSION

For all of the foregoing reasons, the Court should certify a class pursuant to Fed. R. Civ. P. Rule 23(b)(3).

LEMBERG & ASSOCIATES L.L.C.
*Attorneys for Plaintiff*


By: _____
       Sergei Lemberg (SL 6331)
       Susan Schneiderman (SS 9840)
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
slemberg@lemberglaw.com


LAW OFFICES OF MARTIN MUSHKIN, ESQ.
*Of Counsel to Lemberg & Associates, L.L.C.*
*Attorneys for Plaintiff*
Martin Mushkin (MM        )
1100 Summer Street, 3rd. Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
mmushkin@mushkinlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 18, 2011, the foregoing Memorandum of Law in Support of Plaintiff's Motion for Class Certification was filed electronically on the Court's ECF filing system and thereby transmitted to each of the following:
.

Don Maurice, Esq.
Maurice & Needleman, P.C.
5 Walter E. Foran Blvd., Suite 2007
Flemington, NJ 08822
Attorneys for Defendant

/s/ Susan Schneiderman
_____
Susan Schneiderman, Esq.