```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/15/11
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JASON ZIMMERMAN,

                Plaintiff,

    -against-

PORTFOLIO RECOVERY
ASSOCIATES, LLC,

                Defendant.

**ORDER**

09 Civ. 4602 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

        Plaintiff Jason Zimmerman alleges that Defendant Portfolio Recovery Associates, LLC ("Portfolio") attempted to collect debts from him and similarly situated consumers in violation of the Fair Debt Collection Practices Act ("FDCPA" or the "Act"). Pending before the Court are Plaintiff's motions for summary judgment and for class certification. For the reasons stated below, Plaintiff's motions will be granted.

## BACKGROUND

        The parties agree that Portfolio sent a "Pre-Suit Package" to debtors, including Zimmerman, that includes a cover letter and draft pleadings. (Pltf. 56.1 Stat. ¶¶ 17, 20-22, 26)[1] The letter is printed on the letterhead of the "Litigation Department" of Portfolio and is signed by

---

[1] To the extent that this Court relies on facts drawn from Plaintiff's Local Rule 56.1 Statement, it has done so because Defendant has either not disputed those facts or has not done so with citations to admissible evidence. See Giannullo v. City of New York, 322 F.3d 139, 140 (2d Cir. 2003) ("If the opposing party . . . fails to controvert a fact so set forth in the moving party's Rule 56.1 statement, that fact will be deemed admitted.") (citations omitted). Where Defendant disagrees with Plaintiff's characterizations of the cited evidence, and has presented an evidentiary basis for doing so, the Court relies on Defendant's characterization of the evidence. Cifra v. Gen. Elec. Co., 252 F.3d 205, 216 (2d Cir. 2001) (court must draw all rational factual inferences in non-movant's favor in deciding summary judgment motion).

"Catherine M. Hedgeman, Esq." (Pltf. R. 56.1 Stat. ¶ 22; Zimmerman Decl., Ex. 1)  The letter sent to Zimmerman, dated April 15, 2009, reads, in pertinent part, as follows:

> Enclosed please find a copy of the lawsuit our local counsel in your state intends to file against you related to the delinquent account referenced above.
>
> If you pay the balance due on this account or make acceptable payment arrangements with our office by April 29, 2009, we will instruct our local counsel not to file the lawsuit against you at this time.
>
> Please contact our office by April 29, 2009, to either pay the balance due on this account or make acceptable payment arrangements to stop the lawsuit from being filed against you.

(Zimmerman Decl., Ex. 1)

Attached to the letter is a "Summons."  The Summons has a caption setting forth the court – "DISTRICT COURT OF THE COUNTY OF NASSAU, FIRST DISTRICT" – and the parties to the purported lawsuit: "PORTFOLIO RECOVERY ASSOCIATES, LLC – against – JASON P ZIMMERMAN."  (Id.; Pltf. R. 56.1 Stat. ¶ 22)  The Summons indicates that Zimmerman has either 20 or 30 days to answer the complaint, depending on whether service was made personally or otherwise.  (Id.)  A "Complaint" bearing the same caption, and setting forth a cause of action for account stated, accompanies the Summons.  (Id.)  The package also contains an "Affidavit of Military Investigation" – bearing the same caption – and attesting to the fact that Zimmerman is "not currently in the military service."  (Id.; Pltf. R. 56.1 Stat. ¶ 22)  All of these documents are "identical to those generated for and transmitted" for use in actual litigations in New York State courts. (Pltf. R. 56.1 Stat. ¶ 19)  The "Pre-Suit Package" also contains a "Notice to Debtor Pursuant to the Fair Debt Collections Practices Act."  The notice sets forth the disclosures required under 15 U.S.C. § 1692(g), including that the debtor has 30 days to contest the debt.  (Id.)

2

Between September 1, 2008 and May 14, 2009, Portfolio sent 990 separate "Pre-Suit Packages" to debtors in New York, "each containing documents which were substantially identical to the documents contained in the Pre-Suit Package received by Zimmerman." (Pltf. R. 56.1 Stat. ¶ 26) Zimmerman has moved for summary judgment on his claim that the "Pre-Suit Package" violates the FDCPA, and he seeks Rule 23(b)(3) class certification on behalf of himself and the 989 other consumers who received a substantially similar "Pre-Suit Package."

## DISCUSSION

### I. PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT ON HIS FDCPA CLAIM

#### A. Applicable Law

Summary judgment is warranted when the moving party shows that "there is no genuine dispute as to any material fact" and that it "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute about a 'genuine issue' exists for summary judgment purposes where the evidence is such that a reasonable jury could decide in the non-movant's favor." Beyer v. County of Nassau, 524 F.3d 160, 163 (2d Cir. 2008). "[W]here the nonmoving party will bear the burden of proof at trial, Rule 56 permits the moving party to point to an absence of evidence to support an essential element of the nonmoving party's claim." Bay v. Times Mirror Magazines, Inc., 936 F.2d 112, 116 (2d Cir. 1991).

In deciding a summary judgment motion, the Court "'resolve[s] all ambiguities, and credit[s] all factual inferences that could rationally be drawn, in favor of the party opposing summary judgment.'" Spinelli v. City of New York, 579 F.3d 160, 166 (2d Cir. 2009) (quoting Brown v. Henderson, 257 F.3d 246, 251 (2d Cir. 2001)). However, a "'party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment . . . . [M]ere conclusory allegations or denials . . . cannot by themselves

3

create a genuine issue of material fact where none would otherwise exist.'" Hicks v. Baines, 593 F.3d 159, 166 (2d Cir. 2010) (alterations in original) (quoting Fletcher v. Atex, Inc., 68 F.3d 1451, 1456 (2d Cir. 1995)).

The FDCPA prohibits "[a] debt collector [from using] any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e (2006). "The FDCPA is a strict liability statute. Accordingly, the consumer need not show intentional conduct by the debt collector." Ellis v. Cohen & Slamowitz, LLP, 701 F. Supp. 2d 215, 219 (N.D.N.Y. 2010) (citing Bentley v. Great Lakes Collection Bureau, Inc., 6 F.3d 60, 63 (2d Cir. 1993)). "[A] single violation of the FDCPA is sufficient to impose liability." Ellis v. Solomon & Solomon, P.C., 591 F.3d 130, 133 (2d Cir. 2010).

In order to prevail on an FDCPA claim, a plaintiff must demonstrate that he or she is a "consumer" under the Act, and that "the allegedly violative conduct was used in an attempt to collect a 'debt' within the meaning of the FDCPA." Beal v. Himmel & Bernstein, LLP, 615 F. Supp. 2d 214, 216 (S.D.N.Y. 2009). The Act defines a consumer as "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3). "Debt" is defined as "any obligation . . . of a consumer to pay money arising out of a transaction [that was] . . . primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5).

"The question of whether a debt collector's action violates the FDCPA is determined objectively from the viewpoint of the 'least sophisticated consumer.'" Herzlinger v. Nichter, No. 7:09–CV–00192, 2011 WL 1434609, at *4 (S.D.N.Y. Feb. 9, 2011) (quoting Savino v. Computer Credit, Inc., 164 F.3d 81, 85 (2d Cir. 1998)); see also Clomon v. Jackson, 988 F.2d 1314, 1318 (2d Cir. 1993) (in determining whether a practice violates the FDCPA, "[t]he most widely accepted test . . . is an objective standard based on the 'least sophisticated consumer.'

4

This standard has been widely adopted by district courts in [the Second] [C]ircuit."). The underlying purpose of the "least-sophisticated-consumer standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd. This standard is consistent with the norms that courts have traditionally applied in consumer-protection law." Clomon, 988 F.2d at 1318.

The Second Circuit has noted that "[t]he least-sophisticated-consumer standard protects . . . consumers in a variety of ways":

> First, courts have held that collection notices violate the FDCPA if the notices contain language that "overshadows" or "contradicts" other language that informs consumers of their rights. In addition, courts have found collection notices misleading where they employ formats or typefaces which tend to obscure important information that appears in the notice. Finally, courts have held that collection notices can be deceptive if they are open to more than one reasonable interpretation, at least one of which is inaccurate.

Id. at 1319 (internal citations omitted).

### B. Analysis

Portfolio concedes that Zimmerman is a "consumer" within the meaning of Section 1692a(3) (Def. R. 56.1 Stat. ¶ 19), but contends that Zimmerman "has not provided any facts as to the nature of the debt . . . or the purpose for which [he] incurred the alleged debt." (Def. R. 56.1 Stat. ¶ 5) Zimmerman has presented uncontested evidence, however, that the debt he owes stems from purchases made "primarily for personal, family, or household purposes." When asked at his deposition whether he "[made the] purchases [in question] for [his] home computer repair business," Zimmerman denied that the purchases were business-related:

> Q.  Did you make purchases for your home computer repair business using your Capital One credit card?
>
> A.  No, I believe the only purchases I made for that might have been for car stereos and stuff like that. I think I made one big purchase

>     with it and that's why it was so hard [to pay off], because I think I
>     bought a car stereo, a bunch of speakers, and amps.
>
> Q.  Do you have something to add?
>
> A.  I was going to say, nothing computer related.

(Schneiderman Certification in Support of Pltf.'s Reply, Ex. 1 (Zimmerman Deposition) at 68-69)  Portfolio has not submitted evidence disputing Zimmerman's testimony.  Accordingly, there is no material issue of fact concerning the nature of Zimmerman's debt.

Given that Defendant has not demonstrated that there is an issue of fact as to whether (1) Zimmerman is a "consumer" under the Act; and (2) Defendant's alleged misconduct constitutes an effort to collect a "debt" under the Act, the sole remaining issue is whether the materials in Defendant's "Pre-Suit Package" violate 15 U.S.C. § 1692e(9) and (13), which relate to false representations regarding legal documents or court action.[2]

The FDCPA prohibits "[t]he use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court . . . of the United States . . . , or which creates a false impression as to its source, authorization, or approval," or which constitutes "[t]he false representation or implication that documents are legal process."  15 U.S.C. § 1692e(9) and (13).

The "Pre-Suit Package" sent to Zimmerman, which includes a Summons and Complaint bearing a case caption referencing the District Court of the County of Nassau, First District, and listing Zimmerman as a defendant, is strikingly similar to documents that have been found to violate the FDCPA.  In Wiener v. Bloomfield, 901 F. Supp. 771, 776 (S.D.N.Y. 1995), for example, Judge Kaplan found violations of 15 U.S.C. § 1692e(9) and (13) where the defendant debt collector sent documents to the plaintiff captioned "Summons" and "Summons &

---

[2] Defendant has not contested this issue.

6

Complaint," in the customary form for filing in New York State Supreme Court. The defendant in Weiner claimed that a cover letter "made it clear that the documents had not actually been served on plaintiff and, in consequence, that he did not misrepresent the summons and complaint as authorized by a court or as legal process." The court was not persuaded:

> [t]he legal subtleties on which defendant relies likely would be lost on the "least sophisticated consumer," who probably would assume that the imposing and formal-looking court documents, with prescribed dates for returning an acknowledgment of receipt . . . were in fact legal process. . . . [I]t would take a far more explicit statement than the reference to the fact that process was ready to be served to convey to the least sophisticated consumer that, despite the attached summons and complaint with acknowledgment form and return date, a lawsuit had not been commenced.

Wiener, 901 F. Supp. at 776.

In rejecting defendant's argument, the court also noted that "the Act prohibits . . . the use of documents that merely 'simulate' documents authorized by a court." Id.; see also Johnson v. Eaton, 873 F. Supp. 1019, 1027-28 (M.D. La. 1995) (finding that the least sophisticated consumer would have believed he had been sued and that the documents had been issued by a court when "[t]he letter has a suit caption in the heading and is attached to a document which more prominently displays this same caption. The other part of the heading contains the name of the court and the body of the document has all the indications that it came from a court.").

Under the objective, "least sophisticated consumer" standard, the Court concludes that Zimmerman has met his burden of demonstrating that Defendant has violated 15 U.S.C. § 1692e(9) and (13). The "least sophisticated consumer" might well conclude that Defendant had initiated a lawsuit to collect the debt, given the form of the Summons and Complaint, the reference to the court and parties, the requirement to respond within 20 or 30 days, and the fact

7

that an attorney from Portfolio's "Litigation Department" had signed the cover letter. Zimmerman's motion for summary judgment on his FDCPA claim will be granted.

## II. CLASS CERTIFICATION

### A. Applicable Law

"[Federal Rule of Civil Procedure] 23(a) sets forth the requirements for class certification and requires a potential class representative to show: (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class." Robidoux v. Celani, 987 F.2d 931, 935 (2d Cir. 1993).

"In order to qualify for class certification under Fed. R. Civ. P. 23(b)(3), plaintiffs in the proposed class must first demonstrate that they satisfy the four requirements of Fed.R.Civ.P. 23(a). . . . If these criteria are met, the court must decide whether questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and whether a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Moore v. PaineWebber, Inc., 306 F.3d 1247, 1252 (2d Cir. 2002) (internal quotation marks omitted). Furthermore, the Rule 23(b)(3) "predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 623 (1997).

### B. Analysis

The numerosity requirement of Rule 23(a)(1) is satisfied here, given that there are approximately 990 Class Members and joinder is therefore impracticable. See Consol. Rail

Corp. v. Town of Hyde Park, 47 F.3d 473, 483 (2d Cir. 1995) ("[N]umerosity is presumed at a level of 40 members.").

The proposed class also satisfies the commonality requirement set forth in Rule 23(a)(2). To satisfy this requirement, there must be "a showing that common issues of fact or law exist and that they affect all class members." Leone v. Ashwood Fin., Inc., 257 F.R.D. 343, 351 (E.D.N.Y. 2009) (citing Vengurlekar v. Silverline Tech., Ltd., 220 F.R.D. 222, 227 (S.D.N.Y.2003)). All members of the proposed class received a substantially similar "Pre-Suit Package" from Defendant, which satisfies the commonality requirement.

The typicality requirement of Rule 23(a)(3) is likewise satisfied, because Zimmerman's claims arise from the same factual and legal circumstances that provide the basis for the Class Members' claims. See Robidoux, 987 F.2d at 936-37. Each class member received a substantially identical "Pre-Suit Package." (Pltf. R. 56.1 Stat. ¶ 26); see Leone, 257 F.R.D. at 352 ("The record establishes that the defendant transmitted substantially similar letters to all members of the proposed class, containing a clear threat of litigation, without authority to commence suit against any class member. As discussed above, under the requirements of the FDCPA and applying the least sophisticated consumer standard, the defendant's letters were deceptive.").

Plaintiff has also satisfied the adequacy requirements of Rule 23(a)(4). "In determining if a proposed representative will adequately serve the interests of the class, courts examine whether: '(1) plaintiff's interests are antagonistic to the interests of other members of the class; and (2) plaintiff's attorneys are qualified, experienced and able to conduct the litigation.'" Leone, 257 F.R.D. at 352 (quoting Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp., 222 F.3d 52, 60 (2d Cir. 2000)). Zimmerman has submitted a declaration stating that he

understands the responsibilities of the class representative and that he is knowledgeable about this action, and nothing in the record suggests that his interests are antagonistic with those of any other member of the class. Plaintiff's counsel – Sergei Lemberg – has likewise established that he is fully capable of conducting this litigation. See Daniels v. City of New York, 198 F.R.D. 409, 418 (S.D.N.Y. 2001). In his declaration, Lemberg – who has practiced law since 2002 – states that his "practice focuses on consumer protection litigation in both state and federal court," and that his firm "has prosecuted over four thousand consumer rights actions throughout the country." (Lemberg Decl., ¶¶ 3-5) Lemberg's firm has served as lead counsel in a number of consumer class actions, and currently "represents plaintiffs in more than a dozen additional class action cases." (Lemberg Decl., Ex. 1) Defendant has not submitted any evidence suggesting that Lemberg cannot adequately represent the proposed class.

Zimmerman has also met the requirements of Rule 23(b)(3), which requires that this Court find that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." "'The predominance requirement is met if the plaintiff can establish that the issues in the class action that are subject to generalized proof, and thus applicable to the class as a whole, predominate over those issues that are subject only to individualized proof.'" MacNamara v. City of New York, No. 04 Civ. 9216(RJS)(JCF), 2011 WL 1991144, at *10 (S.D.N.Y. 2011) (quoting Cordes & Co. Fin. Servs., Inc. v. A.G. Edwards & Sons, Inc., 502 F.3d 91, 107-08 (2d Cir. 2007)). "[T]he mere existence of individualized defenses does not preclude a finding of predominance." Id. As in many similar cases to consider class certification in FDCPA actions, here "the common questions regarding legality of the defendant's collection letters predominate over any individual

questions." Leone, 257 F.R.D. at 353; see also Macarz v. Transworld Sys., Inc., 193 F.R.D. 46, 54 (D. Conn. 2000); Berrios v. Sprint Corp., No. CV-97-0081(CPS), 1998 WL 199842, at *9 (E.D.N.Y. Mar. 16, 1998). Furthermore, "any disputes regarding whether a particular class member's debt is consumer or commercial can be remedied through proper drafting of the claim form, and at the damages phase of this case." Macarz, 193 F.R.D. at 57; see also Perry v. Beneficial Fin. Co. of N.Y., Inc., 81 F.R.D. 490, 496 (W.D.N.Y. 1979) ("this court can require class members to supply documentation of the nature of their loans as a condition to sharing in any class recovery.").

The proposed class "also meets the 23(b)(3) 'superiority' requirement." Martens v. Smith Barney, Inc., 181 F.R.D. 243, 260 (S.D.N.Y. 1998). Class adjudication of this case is superior to individual adjudication because it will conserve judicial resources and is more efficient for class members. Id. Concentrating the litigation in this Court is desirable because the allegedly wrongful conduct occurred within this jurisdiction. Employing the class device will not only achieve economies of scale for class members, but will also conserve the resources of the judicial system and preserve public confidence in the integrity of the system by avoiding the waste and delay of repetitive proceedings. This approach also avoids the potential for inconsistent adjudications of similar issues and claims. Prasker v. Asia Five Eight LLC, 08 Civ. 5811(MGC), 2010 WL 476009, at *3 (S.D.N.Y. Jan. 6, 2010).

Because the requirements for class certification under Rules 23(a) and 23(b)(3) are met, Zimmerman's motion for class certification will be granted for the following class: "all consumers to whom the Defendant sent, within one year of the commencement of this action, a demand for payment letter on Portfolio Recovery Associates, LLC letterhead – signed by Catherine M. Hedgeman, Esq. – and enclosing a draft summons and complaint in a form

materially identical or substantially similar to the 'Pre-Suit Package' sent to Jason P. Zimmerman, and which was not returned as undeliverable by the Postal Service."

## CONCLUSION

For the reasons stated above, Plaintiff's motions for summary judgment and for class certification are GRANTED. Zimmerman is appointed class representative, and Zimmerman's counsel – Lemberg & Associates LLC – is appointed class counsel. The Clerk of the Court is directed to terminate the motions (Dkt. Nos. 33, 35).

The parties will consult as to an appropriate class notice and submit their proposed notice to the Court by September 22, 2011.

Dated: New York, New York
       September 15, 2011

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge