```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/8/11
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JASON ZIMMERMAN,

                Plaintiff,

      -against-

PORTFOLIO RECOVERY
ASSOCIATES, LLC,

                Defendant.

**ORDER**

09 Civ. 4602 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

        In a September 15, 2011 order (Dkt. No. 49), this Court granted Plaintiff summary judgment on his claim that Defendant's "Pre-Suit Package" violates the Fair Debt Collection Practices Act ("FDCPA" or the "Act"), 15 U.S.C. §§ 1692 et seq. The Court also granted Plaintiff's motion for class certification and instructed the parties to submit a proposed class notice by September 22, 2011. (Dkt. No. 49) The parties disagree as to certain aspects of an appropriate class notice.

        In a September 30, 2011 letter, Defendant makes the following objections to Plaintiff's proposed notice:

        1. Plaintiff's notice provides for the recovery of both actual and statutory damages when the Complaint seeks only statutory damages;

        2. Plaintiff's notice does not require class members to provide documents describing the nature of their debt;

        3. Plaintiff's notice improperly assumes that all recipients are class members; and

        4. the title of Plaintiff's notice is confusing.

Defendant also objects to Plaintiff's application that Defendant bear the costs associated with producing and distributing class notice.

A. **DEFENDANT'S OBJECTIONS TO PLAINTIFF'S PROPOSED CLASS NOTICE**

   1. **Content of Notice**

Federal Rule of Civil Procedure 23(c)(2) provides in relevant part:

> In any class maintained under subdivision (b)(3), the court shall direct to the members of the class the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice shall advise each member that (A) the court will exclude the member from the class if the member so requests by a specified date; (B) the judgment, whether favorable or not, will include all members who do not request exclusion; and (C) any member who does not request exclusion may, if the member desires, enter an appearance through counsel.

"It is the responsibility of the court to direct the best notice practicable to class members and to safeguard them from unauthorized, misleading communications from the parties or their counsel." Erhardt v. Prudential Group, 629 F.2d 843, 846 (2d Cir. 1980) (internal quotations and citations omitted).

As noted above, Defendant objects to several aspects of Plaintiff's proposed class notice. First, Defendant complains that Plaintiff's notice provides for recovery of actual damages even though "plaintiff's complaint makes no allegation that it is seeking actual damages either for [Plaintiff] or on a class wide basis." (Sept. 30, 2011 Def. Ltr. at 1)

The Second Circuit has held that where a plaintiff "did not plead nor prove that he suffered any specific loss . . . he is not deserving of actual damages." Emanuel v. Am. Credit Exch., 870 F.2d 805, 809 (2d Cir. 1989); see also Pipeles v. Credit Bureau of Lockport, Inc., 886 F.2d 22, 27-28 (2d Cir. 1989) (where plaintiff fails to establish any injury flowing from the defendant's violation of the Act, plaintiff is not entitled to actual damages); Greif v. Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, 258 F. Supp. 2d 157, 159 (E.D.N.Y. 2003) (where a

2

plaintiff does not allege any actual damages in the complaint and requests only statutory damages, "the plaintiff's maximum recovery is $1,000, plus costs of the suit and a reasonable attorney's fee").

Here, the Complaint does not allege that Plaintiff or any class member suffered actual damages. Similarly, the ad damnum clause contains no reference to actual damages; it seeks recovery only of "statutory damages," "[a]ttorney fees, litigation expenses and costs," and "punitive damages." (Cmplt. at 14) Because the Complaint does not seek actual damages, the class notice should not communicate to recipients that they may recover actual damages through this class action. Indeed, because recipients who do not opt out will give up their right to pursue actual damages, this must be communicated in the "Giving Up Rights" section of the class notice.

Defendant next argues that the class notice "should include a claim form that would require class members to provide whatever documents they believe identifies the nature of the debt." (Sept. 30, 2011 Def. Ltr. at 2) Defendant's proposed claim form asks class members to "[a]ttach a copy of any account statement, receipt, invoice, canceled check, or other documentation concerning any debt you believe PRA attempted to collect from you." (Id.)

It is appropriate to require class members to provide information demonstrating that the debt which was the subject of Defendant's collection efforts was consumer and not commercial in nature.[1] Perry v. Beneficial Fin. Co. of N.Y., Inc., 81 F.R.D. 490, 496 (W.D.N.Y. 1979) ("This court can require class members to supply documentation of the nature of their

---

[1] The term "debt" as defined under the FDCPA refers to "any obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5) (emphasis added). "Accordingly, actions arising out of commercial debts are not covered by the protective provisions of the FDCPA." Goldman v. Cohen, 445 F.3d 152, 154 n.1 (2d Cir. 2006).

3

loans as a condition of sharing in any class recovery."). Because the FDCPA addresses only consumer debts, "[t]he need to show that the transactions involved in a particular case are consumer transactions is inherent in every FDCPA class action[]." Macarz v. Transworld Sys., Inc., 193 F.R.D. 46, 57 (D. Conn. 2000) (quoting Wilborn v. Dun & Bradstreet, 180 F.R.D. 347 (N.D. Ill. 1998)); see also Talbott v. GC Services Ltd. Partnership, 191 F.R.D. 99, 105-06 (W.D. Va. 2000) (although proposed class members were required to show that their debts were consumer debts, common questions still predominated over individual questions as required for maintenance of a class action). "Any disputes regarding whether a particular class member's debt is consumer or commercial can be remedied through proper drafting of a claim form, and at the damages phase of this case." Id. Moreover, although courts have held that requiring class members to submit proof of claim forms before a liability determination violates Fed. R. Civ. P. 23(c)(2), see Enter. Wall Paper Mfg. Co. v. Bodman, 85 F.R.D. 325, 327 (S.D.N.Y. 1980), here this Court has already granted Plaintiff summary judgment on liability. Accordingly, Defendant's proposed claim form will be included with the class notice.

    Defendant next argues that the "Who Are Class Members?" section of Plaintiff's notice improperly assumes that all recipients of the notice are class members. (Sept. 30, 2011 Def. Ltr. at 2) Defendant notes that individuals who previously brought claims against Defendant, and recovered on those claims, would not be members of the class. The Court agrees that this section should refer to recipients of the notice as potential class members.

    Finally, Defendant argues that the title Plaintiff uses for its notice – "Notice of Class Action Certification and Summary Judgment on Liability" – "may be confusing to persons who receive the notice." (Id.) The Court agrees that the title of the notice should be "Notice of Pendency of Class Action."

Plaintiff will submit, by November 14, 2011, a revised class notice that complies with the above rulings.

2.   **Cost of Notice**

Because this Court has already granted summary judgment to Plaintiff on liability, Plaintiff seeks an order requiring Defendant to pay the costs associated with producing and distributing the class notice. (Sept. 22, 2011 Pltf. Ltr. at 4) Defendant objects to Plaintiff's application. Defendant argues that Plaintiff should have sought a ruling on this issue in his motion for class certification and that Plaintiff may recover the expense associated with class notice at the close of the case. (Sept. 30, 2011 Def. Ltr. at 3)

"The usual rule is that a plaintiff must initially bear the cost of notice to the class." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 349 (1978) (quoting Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 178-79 (1974)); see also Oscar Gruss & Son v. Geon Industries, Inc., 89 F.R.D. 32, 37 (S.D.N.Y. 1980) ("[t]he representative of the class of plaintiffs is responsible for and must pay the costs of sending individual notice to class members whose names and addresses can be ascertained with reasonable effort") (citing Eisen, 417 U.S. at 177-79). "However, occasionally the district court has some discretion in allocating the cost of complying with an order concerning class notification." Hunt v. Imperial Merchant Servs., Inc., 560 F.3d 1137, 1143 (9th Cir. 2009) (internal quotation marks and citation omitted).

In Hunt, the Ninth Circuit found that the district court did not abuse its discretion by shifting the cost of class notice to the defendant once the court determined that the defendant had violated the FDCPA. Id. at 1144. The Court held that "[d]istrict courts may order a class action defendant to pay the cost of class notification after they determine that the defendant is liable on the merits." Id. "[W]here[, as here,] notice is to occur after liability has been

determined, [numerous courts have held that] the defendant appropriately bears the costs." Macarz v. Transworld Sys., Inc., 201 F.R.D. 54, 59 (D. Conn. 2001) (citing Hartman v. Wick, 678 F. Supp. 312, 328-39 (D.D.C. 1988) ("[a]s the Court has already found defendant liable, defendant must bear the full expense of this notification task"); Catlett v. Mo. Highway and Transp. Comm'n, 589 F. Supp. 949, 951 (D. Mo. 1984) ("cost allocation [to the defendant] is proper once the defendant's liability has been established"); Six Mexican Workers v. Ariz. Citrus Growers, 641 F. Supp. 259, 264 (D. Ariz. 1986) (same), modified and remanded, 904 F.2d 1301 (9th Cir. 1990); Meadows v. Ford Motor Co., 62 F.R.D. 98, 101 (W.D. Ky. 1973) (same), modified, 510 F.2d 939 (6th Cir. 1975)).  Given this Court's September 15, 2011 ruling granting Plaintiff summary judgment on liability, it is appropriate that Defendant bear the cost of producing and distributing class notice.

**B.      BRIEFING AND HEARING ON STATUTORY DAMAGES**

The Court agrees that briefing and a hearing on Plaintiff's request for statutory damages should proceed after the number of class members is known.  Accordingly, briefing will proceed in accordance with the following schedule.

1. Plaintiff's memorandum of law shall be submitted by February 24, 2012.
2. Defendant's opposition papers shall be submitted by March 2, 2012.
3. Plaintiff's reply, if any, shall be submitted by March 9, 2012.

The hearing regarding statutory damages will be held on March 16, 2012, at 10:00 a.m. in Courtroom 6B of the United States Courthouse, 500 Pearl Street, New York, New York.

Dated: New York, New York
November 7, 2011

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge