IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **JASON ZIMMERMAN,** on behalf of himself and all others similarly situated,<br><br>                    Plaintiff,<br><br>          vs.<br><br>**PORTFOLIO RECOVERY ASSOCIATES, LLC,**<br><br>                    Defendant. | CASE NO**.** 09-cv-04602-PGG<br><br>CLASS ACTION |

**DEFENDANT PORTFOLIO RECOVERY ASSOCIATES LLC'S BRIEF IN SUPPORT OF ITS MOTION FOR RECONSIDERATION OF CLASS CERTIFICATION**

    **On the Brief**:

    **Donald S. Maurice, Esq.**
    Maurice & Needleman, P.C.
    Attorneys for Defendant
    *PORTFOLIO RECOVERY*
    *ASSOCIATES, LLC*
    5 Walter E. Foran Blvd.
    Ste 2007
    Flemington, NJ 08822
    (908) 237-4550
    dsm@mnlawpc.com

Dated: June 28, 2012

## FACTS

On May 14, 2009, Plaintiff, Jason Zimmerman (hereinafter, "Plaintiff"), filed a complaint alleging that Defendant, Portfolio Recovery Associates, LLC (hereinafter, "PRA") violated 15 U.S.C. § 1692, *et seq.* of the Fair Debt Collection Practices Act (the "FDCPA")*,* by sending a written communication to residents of New York State which simulated service of process. (Doc. 1).

On September 15, 2011, the court entered summary judgment in favor of Plaintiff, finding that PRA's written communication received by Zimmerman violated the FDCPA. (Doc. 49). Defendant opposed class certification arguing, among other things, that Plaintiff provided no evidence that PRA attempted to collect debts from the putative class members which satisfied § 1692a(5) of the FDCPA; namely, that the "debts" which were primarily incurred by them were for personal, family or household uses or were for money, property services or insurance.

The court also granted class certification on September 15, 2011. The court, in its November 8, 2011 Order (Doc. 51), found "[i]t is appropriate to require class members to provide information demonstrating that the debt which was the subject of Defendant's collection efforts was consumer and not commercial in nature." (citing Perry v. Beneficial Fin. Co. of N.Y., Inc., 81 F.R.D. 490, 496 (W.D.N.Y. 1979) (Doc. 51. p. 3)). Only 19 persons returned a completed notice indicating the debt PRA attempted to collect from them was within the meaning of 15 U.S.C. § 1692a(5). Plaintiff's Memorandum in Support of Plaintiff's Motion for Damages, p. 5 (Doc. 55).

PRA submits this brief to decertify this matter as a class action on the basis that the numerosity requirement of Fed.R.Civ.P 23(a) is not satisfied when only 19 persons are identified as class members.

## I. Standard of Review for Reconsideration of Class Certification.

The Second Circuit has stated that '[a]lthough [d]istrict judges have broad discretion over class definition[,] . . .] courts are required to reassess their class rulings as the case develops.'" Hnot v. Willis Group Holdings, Ltd., 241 F.R.D. 204, 207-208 (S.D.N.Y. 2007) (citing Boucher v. Syracuse Univ., 164 F.3d 113, 118 (2d Cir. 1999); Fed. R. Civ. P. 23(c)(1); In re Agent Orange Prod. Liab. Litig., 818 F.2d 145, 176 (2d Cir. 1987) ("The court may reconsider [its decision to certify a class], by decertifying, modifying the definition of the class, or creating subclasses in the light of future developments in the case."). "Reconsideration of class certification is warranted if there is a showing of a 'significant intervening event' or 'compelling reasons' that could render the requirements of Rule 23 no longer satisfied. Hnot., 241 F.R.D. at 207 (citing Doe v. Karadzic, 192 F.R.D. 133, 136-37 (S.D.N.Y. 2006)).

## II. That Only 19 Persons Have Returned Satisfactory Claims Forms is Both a Significant Intervening Event and a Compelling Reason to Decertify the Class Because the Class Fails to Meet the Numerosity Requirement as set forth in Rule 23(a) of the Federal Rules of Civil Procedure.

Here, because only 19 persons have returned satisfactory claim forms, there is both a compelling reason and a significant intervening event requiring reconsideration of class certification in that the minimum requirements for the maintenance of the suit as a class action have not been satisfied, specifically the numerosity requirement as set forth in Rule 23(a) of the Federal Rules of Civil Procedure. Thompson v. Linvatec Corp., 2010 U.S. Dist. LEXIS 62130, at **23-24 (N.D.N.Y June 22, 2010) (granting motion to decertify class based on lack of

numerosity); Lewis v. Nat'l Fin. Sys., 2007 U.S. Dist. LEXIS 62320 (E.D.N.Y. Aug. 23, 2007) (denying class certification based on lack of numerosity only).

The court has broad discretion to alter, modify or decertify a class whenever it becomes warranted. In re Bank of Am. Corp. Secs, 2012 U.S. Dist. LEXIS 14978 (S.D.N.Y. Feb. 6, 2012) (citing Sumitomo Copper Litig. v. Credit Lyonnais Rouse, Ltd., 262 F.3d 134, 139 (2d Cir. 2001). An order certifying a class "may be altered or amended before final judgment." Fed.R.Civ.P. 23(c)(1)(C); Thompson v. Linvatec Corp., 2007 U.S. Dist. LEXIS 37711 (N.D.N.Y May 22, 2007).  Moreover, "'[a] district court also has the discretion to decertify a class by amending the order granting the certification, 'if the court finds that certification should not have been granted or is no longer appropriate.'" Id.

### A. The Significant Intervening Event.

To be covered under the Fair Debt Collection Practices Act, the plaintiff has the burden of showing the debt at issue arises from a transaction primarily for personal, family or household use. 15 U.S.C. § 1692(a)(5). "A threshold requirement for application of the FDCPA is that the prohibited practices are used in an attempt to collect a 'debt.'" Zimmerman v. HBO Affiliate Grp., 834 F.2d 1163, 1167 (3d Cir. 1987); Hawthorne v. Mac Adjustment, 140 F.3d 1367, 1371 (11th Cir. 1998) ("By the plain terms of the statute, not all obligations to pay are considered 'debts' subject to the FDCPA."). The FDCPA defines a "debt" as:

> [A]ny obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal family or household purposes, whether or not such obligation has been reduced to judgment.

15 U.S.C. § 1692a(5).

Here, Plaintiff had no evidence that PRA attempted to collect a debt within the meaning of 15 U.S.C. § 1692a(5) from the members of the class. Thus, in its Order entered January 30, 2012 (Doc. 53) the court directed that the class notice require claimants to

> Attach a copy of an account statement, receipt, invoice, canceled check, or other documentation concerning any debt you believe Portfolio Recovery Associates, LLC ("PRA") attempted to collect from you. If you do not have any such documents, then provide a brief explanation of the debt which you believe PRA attempted to collect from you, and include the following information: (1) the type of debt (e.g., a credit card, an automobile loan, a loan for medical services, or a business loan); (2) a description of the money, property, services, or insurance that debt was used to acquire; and (3) whether the money, property, services, or insurance was acquired primarily for personal, family, or household purposes or for a business purpose.

(Doc. 53, p. 1)

Plaintiff asserts only 19 persons returned claim forms which evidence a debt within the meaning of 15 U.S.C. § 1692a(5). Plaintiff's Memorandum in Support of Plaintiff's Motion for Damages, p. 5 (Doc. 55). Although this matter was certified as a class based on 990 persons having received the operative letter from PRA, it was later revealed that only 19 persons could meet the threshold requirement that PRA attempted to collect a debt within the meaning of 15 U.S.C. § 1692a(5).

It is plainly a "significant intervening event" that only 19 persons from a conditional group of 990 could provide evidence of a debt within the meaning of the FDCPA.

**B. That only 19 persons Meet the Threshold Requirement of an FDCPA Claim is a Compelling Reason to Decertify the Class.**

The court in Koss v. Wackenhut Corp., 2009 U.S. Dist. LEXIS 34846, at **8-9 (S.D.N.Y. Mar. 30, 2009) stated, "'While there are no rigid numerical guidelines for determining impracticability of joinder, courts have observed that generally less than 21 is inadequate; more than 40 is adequate; and numbers in between 21 and 40 are given varying treatment.'" (citation omitted). The court counseled that

> in assessing whether a proposed class is so numerous that joinder of all members is impracticable, courts consider a number of factors, including 'judicial economy arising from the avoidance of a multiplicity of actions, geographic dispersion of class members, financial resources of class members, the ability of claimants to institute individual suits, and requests for prospective injunctive relief which would involve future class members.

Id. (citing Robidoux v. Celani, 987 F.2d 931, 936 (2d Cir. 1993)). The court is "'empowered to make common sense assumptions to support a finding of numerosity'" and is not limited in its analysis to the Robidoux factors. Koss, 2009 U.S. Dist. LEXIS at **8-9 (citing Nicholson v. Williams, 205 F.R.D. 92, 98 (E.D.N.Y. 2001) (internal quotation omitted).

In Town of New Castle v. Yonkers Contracting Co., 1993 U.S. Dist. LEXIS 17492 (S.D.N.Y. Dec. 13, 1993), the plaintiff town brought a class action against defendant contractors alleging that defendants conspired to restrain trade and competition in the sale and application of asphalt, in violation of the Sherman Act, 15 U.S.C.S. § 1. The court conditionally certified a class consisting of the County of Westchester and all cities, towns, villages and other local governmental agencies in Westchester County that purchased asphalt directly from one or more defendants. The number of class members was approximately 36 upon certification, but a substantial number opted out. Six of the remaining 21 class members produced no evidence that they purchased asphalt from defendants. Defendant then filed a motion to decertify the class. The

5

court granted the motion and decertified the class. The court held that a class of 15 members was too small to meet the numerosity requirement of Fed. R. Civ. P. 23, and that the small number of class members and the fact that all class members were located in Westchester County weighed against continuing class certification. Id.

Town of New Castle is factually analogous to our case here. Upon certification, the number of class members here was conditionally determined to be 990, but only 19 have returned claims indicating they meet the threshold requirement to assert an FDCPA claim. This leaves a class of 19 members. Just as in Town of New Castle, this court should hold that a class of 19 members is inadequate to satisfy the numerosity requirement of Fed. R. Civ. P. 23. Nineteen class members do not constitute a class. Consolidated Rail Corp. v. Town of Hyde Park, 47 F.3d 473, 483 (2d Cir. 1995) (numerosity is presumed at a level of 40 members). As the Supreme Court noted in dicta, a class of fifteen employees "'would be too small to meet the numerosity requirement.'" Id. at *4 (citing General Tel. Co. v. EEOC, 446 U.S. 318, 330, 64 L. Ed. 2d 319, 100 S. Ct. 1698 (1980)).

Joinder is preferable to a class action when the number of prospective class members is as small as 19. In re W.T. Grant Co., 24 B.R. 421, 425 (Bankr. S.D.N.Y. 1982) (citing Moscarelli v. Stamm, 288 F. Supp. 453, 463 (E.D.N.Y. 1968) (joinder preferred if prospective class members number 30 to 40); Glover v. McMurray, 361 F. Supp. 235, 241 (S.D.N.Y. 1973) ("A group as small as fifteen or thirty cannot maintain a class action unless special circumstances make the joinder of members impracticable.")).

Defendant PRA's motion for Decertification of the Class should be Granted.

## **CONCLUSION**

Plaintiff provided no evidence that the 990 class members who received the operative letter from PRA in an attempt to collect a debt involved a debt within the meaning of 15 U.S.C. 1692a(5). A claim form was designed to allow class members to provide a very minimal amount of proof that the debt PRA attempted to collect from them satisfied this threshold requirement to assert an FDCPA claim. It is undisputed that only 19 persons responded with information that would allow them to assert an FDCPA claim.

Because not all debts are within the ambit of the FDCPA, a statement that a debt collector attempted to collect a debt within the meaning of 15 U.S.C. § 1692a(5) is necessary to state a claim.  The court certified this class, even though this critical evidence was lacking, by allowing the conditional class members to provide documents or even a sworn statement of the nature and purpose of the alleged debt. That only 19 could satisfy this low threshold is indicative that class certification is not the appropriate means for their redress.

The requirements to assert a claim under the FDCPA are not diminished simply because the matter is asserted as a class action. The court will not ignore the plain meaning of a debt under § 1692a(5), simply to allow a class judgment. The proofs required to satisfy an FDCPA claim, itself a strict liability statute, are not complex. But when these simple proofs cannot be demonstrated for 971 out of 990 conditional class members, it is readily apparent that a class action is wholly inappropriate and the class should be decertified.

Accordingly, Defendant respectfully requests that this court decertify the class.

>*/s/ Donald S. Maurice*
>Donald S. Maurice, Esq.
>Maurice & Needleman, P.C.
>Attorneys for Defendant
>*PORTFOLIO RECOVERY ASSOCIATES, LLC*
>5 Walter E. Foran Blvd.
>Ste 2007
>Flemington, NJ 08822
>(908) 237-4550
>dsm@mnlawpc.com

Dated: June 28, 2012