UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JASON ZIMMERMAN, on behalf of himself and all others similarly situated, )<br>)<br>Plaintiff, )<br>)<br>-against- )<br>)<br>PORTFOLIO RECOVERY ASSOCIATES, LLC, )<br>)<br>Defendant. ) | Civil Action No. 7:09-cv-04602 |

## MEMORANDUM

Pursuant to the Court's March 27, 2013, Memorandum Opinion and Order (the "Opinion" (Doc. No. 79)), Plaintiff submits this Memorandum concerning (1) whether thirteen class members should participate in class recovery, and (2) appropriate recipients of the *cy pres* award.

## BACKGROUND

In the Opinion, the Court identified sixteen class members who timely returned claim forms and can recover from the class award.[1] (Opinion at 3, 15).

Thirteen other class members "completed either both portions of the form, or only the portion of the form asking for a description of the debts, without providing sufficient information for the Court to determine that their debts were non-commercial." (*Id.*). Eight of those submitted supplemental letters after the due date on the claim form "to clarify that they wished to be included in the class and/or clarifying that their debts were non-commercial."[2] (*Id.*). The other

---

[1] Schatt, Cathcart, Hinkley, Johnson, Judson, Kane, Kavulich, Mundell, Simmons, Smith, Spencer, Swygert, Tortorili, Walters, Burgos and Sotto (Taylor Decl. Ex. A).
[2] Brown, Cox, Ford, Jones, Moore, Morrison, Panarella, and Thomas (Taylor Decl. Ex. B).

1

five did not submit supplemental forms.[3] (*Id.*).

The Court ordered the parties to submit additional briefing "as to whether these thirteen individuals should participate in the class recovery." (*Id*. at 16).

## I    The Eight Supplemental Letters Should be Considered

The eight individuals who submitted supplemental explanations should be permitted to recover their share of the class award.  To decide whether to accept untimely claim forms, four "Pioneer" factors should be considered: "1) the danger of prejudice to the nonmovant; 2) the length of the delay and its potential effect on judicial proceedings; 3) the reason for the delay, including whether it was within the reasonable control of the movant; and 4) whether the movant acted in good faith." *In re Orthopedic Bone Screw Products Liab. Litig.*, 246 F.3d 315, 322-23 (3d Cir.  2001) (*citing Pioneer Inv. Servs. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993)).

Danger of Prejudice to the Nonmovant – there is no prejudice to PRA.  First, PRA asserts no prejudice.  Counsel for the Defendant has advised that PRA is taking "no position" concerning the thirteen claims at issue here.  Second, whether or not more class members recover is irrelevant to PRA's monetary liability. Pursuant to the Opinion, the class award is fixed at $350,000 irrespective of whether it is distributed directly to claiming class members or *cy pres*. Therefore, this factor weighs in favor of permitting recovery.

The Length of Delay and Effect on Proceedings – To the extent the supplemental forms were late, the length of that delay was not egregious and has not affected proceedings.  The last three supplemental forms were supplied to defense counsel by June 29, 2012 (Doc. No. 70, ¶ 9) and submitted to the Court well before it issued the Opinion on class damages.  In *Blank v. Jacobs*, Judge Seybert used the issuance of the Court's decision on incomplete claims as the date

---

[3] Fadden, Haggerty, Hatzialexandr, Hinds and Webber (Taylor Decl. Ex. C).

by which class members should have cured deficiencies in their claim forms. 2013 WL 1310503, *5 (E.D.N.Y. Mar. 27, 2013) ("The Court APPROVES of Berdon's decision to reject any claims not properly documented unless any of those claimants has been able to cure the deficiencies prior to this Memorandum and Order."). The same reasoning applies here, especially where there is no prejudice to PRA and the proceedings were not delayed (aside from the instant briefing). Therefore, this Pioneer factor weighs in favor of permitting recovery.

The Reason for the Delay – The supplemental forms were submitted after the cutoff because these eight class members did not understand the claim form. When the claim forms were first returned, Class counsel called class members who submitted unclear claim forms and who also provided their telephone number to advise (1) their intent was unclear and/or (2) their claim form was incomplete or vague. These eight sent supplemental claim forms indicating both that they wanted to participate and amending their previous submission to provide more information. We can presume that, had these eight not misapprehended the claim form in the first instance, they would not have sought to amend their responses.[4] Where there is no prejudice to PRA, and the delay was short and did not disrupt proceedings, the reason for the delay weighs in favor of permitting these individuals to recover.

Whether the Movant Acted in Good Faith – These individuals clearly had nothing to benefit by delaying the submission of a statement describing the nature of their debts and, when notified of deficiencies, they submitted supplemental responses. Their actions did not prejudice PRA nor delay this Court's proceedings. This factor weighs in favor of recovery.

---

[4] In the Opinion, the Court noted that the process by which some claimants were contacted was not explained. (Opinion at 4). Some class members provided their telephone number as requested in the claim form. Others did not. The ones that did, and whose claim forms were vague or incomplete, were called and advised of the issues with their claim forms. Eight then submitted supplemental forms.

Because the four Pioneer factors favor considering the untimely supplemental claim forms, these eight individuals should be permitted to participate in class recovery.

## II      The Five Remaining Individuals Should be Permitted to Recover

First, those who identified their debts as a "credit card debt" (Fadden, Haggerty, Hinds and Weber) should be permitted to recover. The court permitted class member Schatt to recover where she similarly identified the debt as an old credit card. (Taylor Decl. Ex. A, pg. 1). While these four did not provide as detailed a narrative as Schatt, the information they submitted should be sufficient to permit their recovery. This is even more so where (1) PRA does not object and (2) PRA admitted that it only sent the Pre-Suit Package to "consumers" (Opinion at 9, n.13).

Second, class member Hatzialexandr should be permitted to recover where all the documents he provided show PRA was collecting an FDCPA debt. His claim form included a summons filed in Bronx County Court titled "CONSUMER CREDIT TRANSACTION" in the matter PRA vs. Hatzialexandr. It included the first page of a complaint which appears to be from that same action. The complaint alleges at paragraph 3 that PRA "purchased the underlying Consumer Credit Debt from the Account Seller." Further, as with the four above, PRA does not object and already admitted that it only sent the Pre-Suit Package to consumers.

For the foregoing, these five individuals who submitted timely but unclear claim forms should be permitted to recover.

## III     Cy Pres Distribution

The Court ordered that the *cy pres* award should go to a "to a non-profit organization working to curb abusive debt collection practices or to increase consumer awareness of such practices." Class counsel believes that New York consumers would be best served by splitting the *cy pres* award between several organizations. Class counsel asked several non-profits to

submit proposals for consideration.  Five New York focused non-profits submitted proposals, as did two nationally focused entities.  They are:

    (1) the Empire Justice Center out of Rochester, New York;

    (2) the Legal Aid Society out of New York, New York;

    (3) the Neighborhood Economic Development Advocacy Project out of New York, New York,

    (4) South Brooklyn Legal Services, out of Brooklyn, New York,

    (5) CAMBA Legal Services out of Brooklyn, New York;

    (6) The National Association of Consumer Advocates out of Washington, DC; and

    (7) the National Consumer Law Center out of Boston, MA.

The proposals are attached to the declaration of Stephen Taylor, Esq., as <u>Exhibits D-J</u>.

Class counsel suggests that the five New York organizations be awarded 1/6 of the *cy pres* award each and the two national organizations be awarded 1/12 each.  Class counsel believes this distribution strikes the correct balance to aid New York consumers locally while at the same time furthering their interests and protections through national advocacy of consumer rights.

PRA has advised that it does not object to distributions to South Brooklyn Legal Services, The Legal Aid Society, Empire Justice Center, or the Neighborhood Economic Development Advocacy Project.  PRA does object to any *cy pres* distributions to the National Association of Consumer Advocates, the National Consumer Law Center and CAMBA.

## **CONCLUSION**

For the foregoing, Plaintiff requests all thirteen class members recover from the class award.  Further, Plaintiff requests all seven non-profit organizations receive a *cy pres* award with each New York entity receiving 1/6 and the national entities receiving 1/12.  PRA does not object

5

to a *cy pres* award for entities (1) – (4) above.  PRA objects to an award to entities (5) – (7).

Dated: April 11, 2013

                                                        Respectfully submitted,

                                                  By  /s/ Sergei Lemberg
                                                         Sergei Lemberg
                                                         Stephen Taylor
                                                         Lemberg & Associates L.L.C.
                                                         1100 Summer Street, 3rd Floor
                                                         Stamford, CT 06905
                                                         Telephone: (203) 653-2250
                                                         Facsimile:  (877) 795-3666
                                                         *Counsel to Plaintiff and the Class*

## CERTIFICATE OF SERVICE

**THIS IS TO CERTIFY** that on April 11, 2013, a copy of the forgoing was filed via the ECF system for the Southern District of New York, which sent notice of such filing to the following:

Don Maurice, Esq.
Maurice & Needleman, P.C.
5 Walter E. Foran Blvd., Suite 2007
Flemington, NJ 08822

                /s/ Sergei Lemberg
                Sergei Lemberg, Esq.