UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JASON ZIMMERMAN, on behalf of himself and all others similarly situated, | ) )  Civil Action No. 7:09-cv-04602 |
| Plaintiff, | ) ) ) |
| -against- | ) ) |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, | ) ) ) |
| Defendant. | ) |

**DECLARATION OF SERGEI LEMBERG IN SUPPORT OF
PLAINTIFF'S MOTION FOR ATTORNEYS' FEES**

Pursuant to 28 U.S.C. § 1746, I, Sergei Lemberg, hereby declare as follows:

1. I am the founder, principal, sole member and manager of Lemberg & Associates, L.L.C., a Connecticut Limited Liability Company organized for the practice of law (the "Firm"). I am a consumer rights attorney experienced in prosecuting actions under the FDCPA and other Federal and State consumer protection statutes.  In 2009, my firm was contacted by Mr. Zimmerman and we agreed to represent him in connection with his claims against Portfolio Recovery Associates, LLC, along with my co-counsel Martin Mushkin, Esq.

2. I graduated from Brandeis University in 1997 and from the University Of Pennsylvania School Of Law in 2001. I am licensed to practice law before all of the state courts and federal District Courts within New York, Connecticut and Massachusetts, as well as before the First, Second, Third, Ninth and Eleventh Circuit Courts of Appeal.  I am also admitted to federal bars of the State of Illinois, Arkansas, Michigan (Eastern District only), Missouri, Nebraska, and Texas (Western District only).  I became a member of the New York and Massachusetts State Bars in 2002.  I became a member of the Connecticut State Bar in 2005. I am also a contributing author on the Connecticut Civil Complaints for Business Litigation guide

and authored the consumer guide *Seize Your Power: How to Stop Debt Collectors NOW*.

3.  My firm has represented more than 7,000 consumers in consumer law matters, including actions brought under the Fair Debt Collection Practices Act ("FDCPA"), the Fair Credit Reporting Act, the Magnuson Moss Federal Act, the Telephone Consumer Protection Act, the Truth in Lending Act, and a variety of state consumer protection statutes. My practice is and has always been primarily focused upon consumer advocacy and consumer protection litigation.

4.  The Firm litigates cases large and small and has been certified as class counsel on several occasions. *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1031 (9th Cir. 2012) (FDCPA victory remanded from Ninth Circuit and now settled on class basis); *Butto v. Collecto Inc.*, 2013 WL 1285577 (E.D.N.Y., Mar. 29, 2013); *Douma v. Law Offices of Mitchell N. Kay P.C.*, S.D.N.Y. 09-cv-9957; *Waiters v. Collection Technology, Inc.*, S.D.N.Y. 10-cv-02514; *In re Chemtura Corporation, Bankr.*, S.D.N.Y. 09-11233 (Bankruptcy ERISA class claim with over $25 million in benefits accruing to the class); *Seekamp v. It's Huge, Inc.*, N.D.N.Y. 09-cv-00018 (Kahn, J) (automobile fraud class action on behalf of thousands of purchasers of fake insurance certificates).

5.  It took a significant expenditure to time and resources to achieve a favorable ruling for Mr. Zimmerman and the class and other consumers. Our remuneration here is based on the fee-shifting provisions of the FDCPA (§ 1692k(a)(3)) and is contingent solely on success.

6.  The Firm's expenditures on behalf of Zimmerman and the class also represent an opportunity costs as the hundreds of hours required could have been spent prosecuting or initiating other class actions or individual actions.

7.  Annexed hereto as <u>Exhibits A</u> are the Firm's contemporaneous billing records (the "Time Log") associated with this case.

8.      In the exercise of billing judgment and after reviewing the Firm billing records line by line, I removed from the Time Log entries I deemed directed to tasks for which Zimmerman would not seek an award.  The bulk of those entries pertained to clerical tasks performed by paralegal staff or attorneys (copying, uploading orders or briefs to the firm database, filing etc.).

9.      In the further exercise of billing judgment, I, along with my co-counsel, are reducing the total time by 5%.  Based on my experience of the case and our efforts, that figure represents an accurate reduction due to any duplication of efforts or clerical tasks.

10.     In addition to attorneys Mushkin, Taylor and Schneiderman, Zimmerman seeks compensation for two associates with my firm who briefly worked on this case; attorneys Jody Burton and Jennifer DeFrancisco.

11.     Attorney Burton graduated from American University College of law in 1993.  Following two federal judge clerkships in the District of Columbia, Ms. Burton represented the federal government in litigation before entering the private sector and joining Lemberg & Associates.  She is admitted to practice in the states of Connecticut, Pennsylvania, and the District of Columbia.

12.     Attorney DeFrancisco is a 2010 graduate of Brooklyn law school.  She joined the firm in 2011 and is admitted to practice in the states of Connecticut and New York.

13.     Plaintiff's counsel litigation costs are itemized in <u>Exhibit B</u> attached hereto.

      14.     I also certify that my own entries in <u>Exhibit A</u> accurately reflect work I performed with respect to Mr. Zimmerman's case.

      I declare under penalty of perjury that the foregoing is true and accurate to the best of my knowledge.

Executed on May 3, 2013                         /s/ Sergei Lemberg
                                                     Sergei Lemberg