**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| JASON ZIMMERMAN, on behalf of himself and all others similarly situated, | ) ) ) | Civil Action No. 7:09-cv-04602 |
| Plaintiff, | ) ) | |
| -against- | ) ) | |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S**
**MOTION FOR RECONSIDERATION**

Stephen Taylor
Sergei Lemberg
Lemberg & Associates L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
*Counsel to Plaintiff and the Class*

**<u>Table of Contents</u>**

Table of Authorities ................................................................................................................... ii

Introductory Statement ............................................................................................................... 1

Background .................................................................................................................................. 2

Argument ..................................................................................................................................... 3

    I.    Legal Standard ............................................................................................................. 3

    II.   The Court's Rulings on Reasonable Hourly Rates Represents Clear Error ......................... 4

    III.  The Court's Reduction of Hours Represents Clear Error ...................................................... 8

Conclusion ................................................................................................................................ 11

**Table of Authorities**

**Cases**

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Cnty. Bd. of Elections*, 522 F.3d 182 (2d Cir. 2008)........................................................passim

*Barile v. Allied Interstate, Inc.*, 12-cv-916(LAP)(DF), 2013 WL 795649 (S.D.N.Y., Jan. 30, 2013) ................................................................................4, 5

*City of Riverside v. Rivera*, 477 U.S. 561 (1986) ....................................................... 10

*De La Paz v. Rubin & Rothman, LLC*, 11-cv-9625(ER), 2013 WL 6184425 (S.D.N.Y.,  Nov. 25, 2013) ...................................................................................passim

*Dunn v. Advanced Credit Recovery Inc.*, 11-cv-4023(PAE)(JLC), 2012 WL 676350 (S.D.N.Y., Mar. 1, 2012)................................................................5

*Gross v. Washington Mut. Bank, F.A.*, 2006 WL 318814 (E.D.N.Y., Feb. 9, 2006)................... 6

*Kassim v. City of Schenectady,* 415 F.3d 246 (2d Cir.  2005) ..................................... 10

*Luciano v. Olsten Corp.*, 109 F.3d 111 (2d Cir.  1997) .........................................8, 11

*O'Toole v. Allied Interstate, LLC*, 12-cv-4942(WHP), 2012 WL 6197086 (S.D.N.Y., Dec. 12, 2012) ................................................................................4, 5

*R.F.M.A.S., Inc. v. Mimi So,* 640 F. Supp. 2d 506 (S.D.N.Y.2009) ............................... 3

*Rodriguez v. Pressler & Pressler, L.L.P.,* 2009 WL 689056 (E.D.N.Y., Mar. 16, 2009)...................................................................................................... 6

*Ryan v. Allied Interstate. Inc.*, 882 F. Supp. 2d 628 (S.D.N.Y. 2012)...........................5

*Sank v. City Univ. of New York,* 94-cv-0253(RWS), 2003 WL 21403682 (S.D.N.Y., June 19, 2003) ...................................................................................3

*SimplexGrinnell LP v. Integrated Sys. & Power, Inc.,* 642 F. Supp. 2d 206 (S.D.N.Y. 2009) ...............................................................................................3

*Tolentino v. Friedman*, 46 F.3d 645 (7th Cir.  1995)................................................7

*Virgin Atl. Airways, Ltd. v. National Mediation Bd.*, 956 F.2d 1245 (2d Cir.  1992)................... 3

*Winkfield v. Kirsc hen baum & Phillips, P.C.*, 12-cv-7424(JMF), 2013 WL
   371673 (S.D.N.Y., Jan. 29, 2013) .........................................................................4, 5

*Wise v. Kelly*, 620 F. Supp. 2d 435 (S.D.N.Y. 2008) ....................................................6

*Woods v. Sieger, Ross & Aguire, LLC*, 11-cv-5689(JFK), 2012 WL 1811628
   (S.D.N.Y., May 18, 2012) ...................................................................................4, 5

**Rules**

Fed. R. Civ. P. 52(b) .....................................................................................................3

Fed. R. Civ. P. 59(e) .....................................................................................................3

Local Rule 6.3 ................................................................................................................3

Plaintiff, Jason Zimmerman ("Zimmerman"), submits this Memorandum in Support of Plaintiff's Motion for Reconsideration of the Court's Memorandum Opinion & Order on Plaintiff's Motion for Attorneys' Fees and Costs (the "Opinion").

## INTRODUCTORY STATEMENT

Pursuant to the Opinion, a paying client would only be willing to pay a single lawyer to litigate a class action case by himself for two years and then would pay for one associate to help during a second two years.  Against the solo practitioner and then the team of two, on the other side of the table is a billion dollar corporation, which will not admit liability, with several (known) in house attorneys participating and three attorneys appearing in Court.  It is conceivable that a client would be willing to pay the solo practitioner and his one associate for their services, but the client best not expect to win.  And, if he and his class were to succeed, these two super lawyers' rates should both be well north of $600 per hour, to reflect their stellar performance and skill.  This (with the exception of high hourly rates) is what this Court ruled should have occurred here: Mr. Lemberg should have been able to litigate the matter by himself with the aid of Mr. Taylor alone starting only in April, 2011.[1]

Plaintiff respectfully submits that this is not a realistic portrayal of what a "reasonable, paying client would be willing to pay" to litigate this class action case effectively. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Cnty. Bd. of Elections*, 522 F.3d 182, 190 (2d Cir.  2008); *see also De La Paz v. Rubin & Rothman, LLC*, 11-cv—9625(ER) 2013 WL 6184425 (S.D.N.Y., Nov. 25, 2013) (awarding $85,634.60 in fees to six attorneys following Fair Debt class action settlement worth $62,500.00).  No client, who actually wanted to win, would sue Portfolio Recovery Associates ("PRA") without appropriate staffing.  Winning

---

[1] Mr. Taylor billed 1.6 hours before April 13, 2011 (Doc. No. 88-1).

a class action takes time, effort and skill; even where the issues, once decided, become simple in hindsight.  We recognize the determination of reasonable rates and hours expended is largely within the discretion of the Court.  However, in this case, Plaintiff respectfully submits that the Court has made a clear error in balancing the scales and requests that the Court reconsider its ruling on fees.

## <u>BACKGROUND</u>

On May 6, 2013, Zimmerman moved for attorneys' fees and costs. (Doc. No. 86). Zimmerman sought fees as follows:

| Professional | Hours | Rate | Total |
|---|---|---|---|
| Sergei Lemberg, Esq. | 291.6 | $400 | $116,660.00 |
| Martin Mushkin, Esq. | 138.6 | $400 | $55,440.00 |
| Susan Schneiderman, Esq. | 143.5 | $350 | $50,207.50 |
| Stephen Taylor, Esq. | 198.8 | $300 | $59,640.00 |
| Jody Burton, Esq. | 13.8 | $300 | $4,132.50 |
| Jennifer DeFrancisco, Esq. | 9.3 | $275 | $2,560.25 |
| Paralegal time | 3.1 | $125 | $387.50 |
| <u>Total Hours</u> 798.7 | | <u>Presumptively Reasonable Fee</u> $289,027.75 | |

(Doc. No. 87 pg. 12-13).

Defendant opposed the motion, disputing the requested rates and the amount of time expended by and staffing decisions of class counsel. In this case, three attorneys appeared for the Defendant and all signed briefs. (Doc. No. 11, 75). At the depositions of the Defendant in

2

Virginia, three lawyers appeared for the Defendant: counsel Donald Maurice, Esq.,

Christopher D. Lagow, Esq., and Kevin M. Duffan, Esq. (Doc. No. 39-6 at 3, 39-7 at 3 & 12).

Defendant requested that the Court award $115,886.25 in attorneys' fees. (Doc. No. 93 pg. 35).

On December 12, 2013, the Court issued the Opinion granting in part and denying in part
Plaintiff's request for fees.  The Court awarded $127,550.00 in fees, approximately forty-four
percent of the presumptively reasonable fee Plaintiff submitted. (Opinion at 25).  The Court
denied fees for all attorneys except for Mr. Lemberg and Mr. Taylor, whose time together
accounted for "nearly two-thirds" of the hours billed. (Opinion at 19).  The Court granted fees
for paralegal time. *Id*.  The Court awarded Mr. Lemberg and Mr. Taylor rates of $300 and $200
respectively. *Id*. at 15-16.

## ARGUMENT

### I.   Legal Standard

Local Rule 6.3 and Fed. R. Civ. P. 59(e) and 52(b) provide for reconsideration of court
orders.  All three rules apply the same standard. *R.F.M.A.S., Inc. v. Mimi So,* 640 F. Supp. 2d
506, 509 (S.D.N.Y.2009) (identical for Rule 59(e) and Local Rule 6.3); *Sank v. City Univ. of
New York,* 94-cv-0253(RWS), 2003 WL 21403682, *2 (S.D.N.Y., June 19, 2003) (same standard
for 52(b), which requests revised findings of fact, and Local Rule 6.3). "A motion for
reconsideration is not an invitation to parties to 'treat the court's initial decision as the opening of
a dialogue ... to advance new theories or adduce new evidence in response to the court's ruling.'"
*SimplexGrinnell LP v. Integrated Sys. & Power, Inc.,* 642 F. Supp. 2d 206, 210 (S.D.N.Y. 2009).
 "The major grounds justifying reconsideration are 'an intervening change in controlling law, the
availability of new evidence, or the need to correct a clear error or prevent manifest injustice.' "
*Virgin Atl. Airways, Ltd. v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir.

3

1992) (*quoting* 18 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 4478 at 790).

Reconsideration is warranted here to correct clear error and prevent manifest injustice.

**II.    The Court's Rulings on Reasonable Hourly Rates Represents Clear Error**

In opening the June 28, 2012, hearing on Plaintiff's application for statutory damages the Court observed:

> Let me first say that with respect to case citation, I need cases that have involved class actions. To the extent you rely on cases that were brought by individuals, they are not particularly helpful to me. This is a class action. I need cases that involve a class action under the Fair Debt Collection Practices Act.

(Doc. 71 2:13-18).   What was true for the calculation of statutory damages is true for determining reasonable hourly rates of class counsel: non-class action Fair Debt cases are not the correct benchmark.  As the Second Circuit observed, "the nature of representation and type of work involved in a case are critical ingredients in determining the 'reasonable' hourly rate. *See, e.g.*, *Blum*, 465 U.S. at 895 n. 11, 104 S. Ct. 1541 ("[R]equested rates [must be] in line with those prevailing in the community for *similar* services ...." (emphasis added))." *Arbor Hill*, 522. F.3d at 184 n.2; *see also LV v. New York City Dep't of Educ.*, 700 F. Supp. 2d 510, 515 (S.D.N.Y. 2010) ("[a]s the particular challenges of this litigation underscore, there are at least two overlapping markets here—one for the provision of complex class action legal services, the other for the provision of civil rights legal services. In measuring the reasonableness of plaintiffs' hourly rates, it would be a mistake to seek guidance from one of these markets to the exclusion of the other.").

4

Here, in determining a reasonable hourly rate, the Court considered only the simplest of Fair Debt cases to the exclusion of any others. (Opinion at 14-15).[2] *Ryan v. Allied Interstate, Inc.*, concerned a fee application following an early offer of judgment.  The *Ryan* court even observed that "[w]hile higher hourly rates may be appropriate in hotly contested FDCPA cases, these two cases involved early settlements—of $500—via accepted Rule 68 Offers of Judgment, and did not involve complex factual or legal issues." 882 F. Supp. 2d at 635.  The *Ryan* Court awarded $300 for the lead partner and $225 for the lead associate, *more*, in the aggregate, than what the Court awarded Mr. Lemberg and Mr. Taylor here in a successful and hotly contested class action case.  *Barile* is similar; a fee application following early offers of judgment. Even there, Magistrate Freeman distinguished rates appropriate in a "routine single-plaintiff case" from a higher rate of $425 approved in "an FDCPA class action." 2013 WL 795649 at *27.  So too in *O'Toole*, the case "resolved quickly-for only $500–and did not involve complex factual or legal issues." 2012 WL 6197086 at *1.  In *Winkfield*, the Court awarded Mr. Lemberg and an associate $300 and $150 per hour respectively on a charging lien. 2013 WL 371673 at *3. It was not a class action and there was not an award of damages for the hypothetical paying client. *Woods* and *Dunn* involve default judgment cases – the "type of work involved" can be no more simpler than in a default judgment case where the Defendant does not even defend.  In *Woods* the inexperienced attorney was awarded $200 per hour, like Mr. Taylor here. 2012 WL 1811628 at *5.  In *Dunn*, the more experienced attorneys were awarded $300 dollars per hour, like

---

[2] The Court relied on or cited to *Ryan v. Allied Interstate. Inc.*, 882 F. Supp. 2d 628, 634 (S.D.N.Y. 2012); *Barile v. Allied Interstate, Inc.*, 12-cv-916(LAP)(DF), 2013 WL 795649 (S.D.N.Y., Jan. 30, 2013); *Winkfield v. Kirsc hen baum & Phillips, P.C.*, 12-cv-7424(JMF), 2013 WL 371673 (S.D.N.Y., Jan. 29, 2013); *O'Toole v. Allied Interstate, LLC*, 12-cv-4942(WHP), 2012 WL 6197086 (S.D.N.Y., Dec. 12, 2012); *Woods v. Sieger, Ross & Aguire, LLC*, 11-cv-5689(JFK), 2012 WL 1811628 (S.D.N.Y., May 18, 2012); *Dunn v. Advanced Credit Recovery Inc.*, 11-cv-4023(PAE)(JLC), 2012 WL 676350 (S.D.N.Y., Mar. 1, 2012), *adopted*, 2012 WL 1114335 (S.D.N.Y., Apr. 3, 2012).

Mr. Lemberg here. 2012 WL 676350 at *6. Had this been a default judgment case, or a matter where the Defendant settled immediately, or where there was no recovery to the client, the cases the Court relied upon would show the proper market place for class counsels' rates.

However, this was not a simple or routine FDCPA case, it was not a default action, and the Defendant did not settle the case. This was a class action. In *Wise v. Kelly*, 620 F. Supp. 2d 435, 445 (S.D.N.Y. 2008) (cited by the Court for the proposition that across-board-reductions are appropriate (Opinion at 16)), the court refused to reduce counsel's hourly rate because, among other reasons "the instant case has been considerably more difficult and complex than the average civil rights case" which had "always been a *putative* class action." *Id*. at 445. (emphasis supplied). According to *Wise*, even a "putative" class action is a complex case requiring higher rates. There is nothing putative about the class action here. As the Court is well aware, class action litigation contains significantly more moving parts and pitfalls than an individual action. Recovery was contingent on Plaintiff's counsel success at each juncture (an exhibit of which was PRA's attempts to decertify the class (Doc. No. 65)) and success was not contingent on luck, but on preparation and skill. Pegging rates to default judgment and simple Rule 68 offer cases is only appropriate "to attract competent counsel" (*Arbor Hill*, 522 F.3d at 193) for a default judgment or a simple single plaintiff case. In order to set a reasonable hourly rate in this case, the Court should, just as with the damages inquiry, look to *class actions* under the Fair Debt Collection Practices Act as the appropriate marketplace.

In his reply brief in support of fees, Plaintiff provided the Court with cases reflecting the marketplace in complex FDCPA cases and class actions. (Doc. No. 94 p. 3-4 (*citing Gross v. Washington Mut. Bank, F.A.*, 02-CV-4135 (RML), 2006 WL 318814 (E.D.N.Y., Feb. 9, 2006) (approving rate of $400 per hour); *Rodriguez v. Pressler & Pressler, L.L.P.,* 06-CV-5103

BMC/JO, 2009 WL 689056 (E.D.N.Y., Mar. 16, 2009) (approving rates of $450 and $300 in a larger than average individual award)).   In a recent FDCPA class action in the Southern District, *De La Paz v. Rubin & Rothman, LLC*, the Court approved hourly rates ranging from $550 and $400 for senior counsel, $300 to $350 for younger counsel, and $180 for a green associate. 2013 WL 6184425 at *12 (S.D.N.Y., Nov. 25, 2013).   The Court approved $85,634.60 in attorneys' fees for six different lawyers (there was only one lawyer defending the matter) in a case that was litigated far less than the case at bar (there were no class certification or summary judgment motions) and which also achieved far less (the class settlement fund totaled $62,500.00 (Doc. No. 35, 11-cv-09625, pg. 9 (attached as <u>Exhibit A</u>)).   In determining the appropriate rate, the court considered both complex class actions and FDCPA individual actions. 2013 WL 6184425 at *12; *see also Tolentino v. Friedman*, 46 F.3d 645, 653 (7th Cir.  1995) ("[p]aying counsel in FDCPA cases at rates lower than those they can obtain in the marketplace is inconsistent with the congressional desire to enforce the FDCPA through private actions, and therefore misapplies the law.").

Here, Plaintiff respectfully submits that it was clear error to award Plaintiff's counsel rates commensurate with the rates awarded in simple, short-lived, individual plaintiff Fair Debt cases with low recovery.  By setting rates based on non-class action cases, the Court did not properly assess the "critical ingredient" of the nature of the case and work performed that the Second Circuit identified. *Arbor Hill*, 522. F.3d at 184 n.2.  A reasonable, paying client would be willing (and would be required) to pay more than $300 and $200 dollars per hour to win this class action suit.  Plaintiff requests that the Court reconsider its ruling on the reasonable hourly rates and apply the following rates:

Sergei Lemberg, Esq.            $400 per hour

7

|                              |                  |
| ---------------------------- | ---------------- |
| Martin Mushkin, Esq.         | $400 per hour    |
| Susan Schneiderman, Esq.     | $350 per hour    |
| Stephen Taylor, Esq.         | $300 per hour    |
| Jody Burton, Esq.            | $300 per hour    |
| Jennifer DeFrancisco, Esq.   | $275 per hour    |

### III.    The Court's Reduction of Hours Represents Clear Error

In excluding all but Mr. Lemberg's and Mr. Taylor's time, the Court found that "neither the scope nor the complexity of the issues presented justifies the number of lawyers assigned to, and the hours expended on, this litigation. This matter is a routine FDCPA case, involving the Defendant's use of simulate legal process." (Opinion at 18).  Plaintiff submits that the court erred in two respects.

First, while the Court may impose an across-the-board percentage reduction in hours (*Luciano v. Olsten Corp.*, 109 F.3d 111, 117 (2d Cir. 1997)) that is not what the Court did here. Instead, the Court struck all time by senior counsel Mushkin and senior associate Schneiderman without finding that all tasks they performed were themselves duplicative or represented inefficiencies.  Nor could the Court make such a determination.  For instance, the depositions were conducted by Ms. Schneiderman, who took Defendant's depositions in Virginia, and Mr. Mushkin who defended the Plaintiffs.  Neither Mr. Taylor nor Mr. Lemberg partook and there was no duplication of efforts. Moreover, except for 1.6 hours, all of Mr. Taylor's time was billed after April 13, 2011.  He was not working on the case in earnest at the same time as Ms. Schneiderman; their efforts did not duplicate one another.  While the Court may believe that a thirty-three percent reduction in total hours is warranted, it must, as in *Luciano, Wise* and *De La Paz*, reduce the hours "across-the-board."

The difference in how an across-the-board reduction is applied is significant. Mr. Taylor billed at a lower rate than both Mr. Mushkin and Ms. Schneiderman. The Court's arbitrary elimination of their time in favor of Mr. Taylor's represents a significant net loss in fees to class counsel. Additionally, under the Court's reasoning, a reasonable paying client would *only* pay Mr. Lemberg to litigate this class action by himself for two years before agreeing to pay one other attorney for the final two years. This is not practical. *See De La Paz*, 2013 WL 6184425 at *13 (awarding fees to six attorneys in FDCPA class action). As a result of this ruling, class action litigants in this Court (specifically consumer class actions) must use skeletal teams of lawyers if they expect to be paid for their services. That result is inconsistent with the congressional desire to enforce the FDCPA through private actions.

Second, Plaintiff submits that a thirty-three percent reduction in total hours was clear error. As indicative of overstaffing, the Court found that "six attorneys billed time to this case" and "assigning numerous attorneys to a simple and straightforward matter presents a significant risk of inefficiency, duplication, and unnecessary billing." (Opinion at 17). As an initial matter, this case was not litigated by six attorneys; two attorneys (Burton and DeFrancisco) were assigned discrete tasks and billed substantially less than the other attorneys.[3] The matter was handled primarily by attorneys Lemberg, Taylor, Mushkin and Schneiderman. As can be seen from the time sheets, attorneys Burton and DeFrancisco's involvement and billing was of an entirely different kind and should not, in fairness, be used to state that the entire case was overstaffed.

As to the remaining attorneys, the Court makes a critically error in finding that the case was overstaffed. One of the assumptions the Court relies upon is that the eventual outcome and

---

[3] Burton and DeFrancisco sought recovery for 13.8 and 9.3 hours respectively.

the issues involved were not really novel or in dispute, therefore, the case was not complex and several counsel were not needed.  The Court notes that "Defendant's conduct is not novel" and falls within "the heartland of conduct that the FDCPA forbids" (Opinion at 18 (*citing Wiener v. Bloomfiled*, 901 F. Supp. 771, 776-78 (S.D.N.Y. 1995) and that the motion to de-certify the class and the issues of damages were straightforward issues.  The Defendant did not treat these as straightforward issues and it is certainly not the Plaintiff's fault that PRA decided to litigate a hopeless case for four years causing class counsel to incur fees.  *See City of Riverside v. Rivera*, 477 U.S. 561, 581 n. 11, 106 S. Ct. 2686, 2697, 91 L. Ed. 2d 466 (1986) (a party "cannot litigate tenaciously and then be heard to complain about the time necessarily spent by the plaintiff in response."); *see also Kassim v. City of Schenectady,* 415 F.3d 246, 252 (2d Cir.  2005) ("the hours required to litigate even a simple matter can expand enormously" when an attorney is forced to react to frivolous conduct by an adversary).  While the Court believes that the issues of de-certification and damages were straightforward, there is an element of hindsight to that finding.  To the litigants briefing these issues (and certainly to PRA), whether or not the action would proceed as a class action and whether *any* damages would be awarded hung in the balance throughout this case.

Finally, the best evidence that Plaintiff did not overstaff this case comes directly from PRA itself.  "The guiding principle in determining whether redundancy has occurred is the 'degree of effort reasonably needed to prevail in the litigation.' " (Opinion at 18) (*citing New York State Ass'n for Retarded Children, Inc.*, 711 F.2d at 1146).  However, the Court has overlooked what the Second Circuit says must be taken into account: "the resources being marshaled on the other side." *Arbor Hill*, 522 F.3d at 184.  Here, PRA marshaled three attorneys to appear before this Court; all three of whom signed briefs (Doc. No. 11, 75).  PRA sent three

10

lawyers to the depositions of its employees. Among the best benchmarks for the "degree of effort reasonably needed to prevail in the litigation" must be the degree of effort reasonably needed to *not* prevail in the litigation. There is neither equity nor fairness in finding Plaintiff overstaffed this case when 1) the party that was defending the action was similarly staffed, and 2) that "degree of effort" by PRA was insufficient to prevail in the litigation.

For the foregoing reasons, Plaintiff respectfully submits that an across-the-board reduction of thirty-three percent was not warranted in this case and submits that that the Court should not impose more than a fifteen percent reduction, as in *Luciano. Luciano*, 109 F.3d at 117 ("no abuse of discretion in the district court's determination that because 30% of the hours expended in this action was the product of contentious conduct between the lead attorneys, it was appropriate to reduce the plaintiff's counsel's requested hours by 15%").

## CONCLUSION

For the foregoing, Plaintiff respectfully requests the Court: 1) reconsider the hourly rates awarded Plaintiff's counsel; 2) apply the reduction in hours "across-the-board" rather than eliminating all time other than time billed by Mr. Lemberg and Mr. Taylor; and 3) reconsider its reduction in time of thirty-three percent.

Dated: December 26, 2013                    Respectfully submitted,

                                    By      /s/ Stephen Taylor
                                            Stephen Taylor
                                            Sergei Lemberg
                                            Lemberg & Associates L.L.C.
                                            1100 Summer Street, 3rd Floor
                                            Stamford, CT 06905
                                            Telephone: (203) 653-2250
                                            Facsimile:  (877) 795-3666
                                            *Counsel to Plaintiff and the Class*

## CERTIFICATE OF SERVICE

**THIS IS TO CERTIFY** that on December 26, 2013, a copy of the forgoing was filed via the ECF system for the Southern District of New York, which sent notice of such filing to the following:

Don Maurice, Esq.
Maurice & Needleman, P.C.
5 Walter E. Foran Blvd., Suite 2007
Flemington, NJ 08822

/s/ Stephen Taylor_____
Stephen Taylor, Esq.