**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **JASON ZIMMERMAN**, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>**PORTFOLIO RECOVERY ASSOCIATES, LLC,**<br><br>Defendant. | **CASE NO. 09-cv-04602-PGG** |

**DEFENDANT PORTFOLIO RECOVERY ASSOCIATES, LLC'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S DECEMBER 12, 2013, MEMORANDUM OPINION & ORDER**

Dated: January 9, 2014

                                      On the Brief:    **Donald S. Maurice, Esq.**
                                                          Attorney for Defendant,
                                                           PORTFOLIO RECOVERY
                                                           ASSOCIATES, LLC

# TABLE OF CONTENTS

TABLE OF AUTHORITIES……………………………………………………………….. i

PROCEDURAL HISTORY REGARDING PLAINTIFF'S APPLICATION FOR
      ATTORNEYS' FEES………………...…..…………………….....…..1

STANDARD OF REVIEW……………………………………………………....… 2

ARGUMENT………………………………………………………………………….. 3

      I.      REASONABLE HOURLY RATE ……………...………………....3

           A.  The Case was Not Complex……………………………………..3

           B.  The Hourly Rates were Properly Determined by the Court

               ……………………………………..………………………….4

      II.     REDUCTION OF HOURS……………...…………………………7

CONCLUSION……………………………………………………………………9

# TABLE OF AUTHORITIES

**Cases**

*Bliven v. Hunt*, 579 F.3d 204 (2d Cir. 2009) ……………………………………………..8
*Blum v. Stenson*, 465 U.S. 886 (1984) …………………………………………………..4
*Commissioner v. Jean*, 496 U.S. 154 (1990)…………………………………………… 9
*Cordero v. Astrue*, 574 F. Supp. 2d 373 (S.D.N.Y. 2008)………………………………..2
*De La Paz v. Rubin & Rothman, LLC*,
  2013 U.S. Dist. LEXIS 168093 (S.D.N.Y. Nov. 25, 2013)………………………5, 6, 7, 8
*Dellefave v. Access Temporaries, Inc.*,
  2001 U.S. Dist. LEXIS 3165 at *1 (S.D.N.Y. Mar. 22, 2001) …………………….2
*Drapkin v. Mafco Consolidated Group, Inc.*,
  818 F. Supp. 2d 678 (S.D.N.Y. 2011)……………………………………………2
*Gross v. Washington Mutual Bank, F.A.*,
  2006 U.S. Dist. LEXIS 16975 (E.D.N.Y. Feb. 9, 2006) ………………………….6
*Hensley v. Eckerhart*, 461 U.S. 424 (1983)……………………………………………4, 9
*In re Agent Orange Product Liability Litigation*,
  818 F.2d 226 (2d Cir. 1987) ………………………………………………………8
*Luciano v. Olsten Corporation*, 109 F.3d 111 (2d Cir. 1997)…………………………..7, 8
*Merck Eprova AG v. Brookstone Pharmaceuticals., LLC*,
  2013 U.S. Dist. LEXIS 90474 (S.D.N.Y. June 10, 2013) ………………………..4, 5
*Morris v. Eversley*, 343 F. Supp. 2d 234 (S.D.N.Y. 2004) ……………………………4, 5
*Nakshin v. Holder*, 360 F. App'x 192 (2d Cir. 2010)……………………………………2
*New York State Association for Retarded Children, Inc. v. Carey*,
  711 F.2d 1136 (2d Cir. 1983) …………………………………………………….7, 8
*Polk v. New York State Department of Correctional Services*,
  722 F.2d 23 (2d Cir. 1983)………………………………………………………….4
*Psihoyos v. John Wiley & Sons, Inc.*,
  2013 U.S. Dist. LEXIS 118863 (S.D.N.Y. Aug. 19, 2013) ………………………..2
*Rodriguez v. Pressler & Pressler, LLP*,
  2009 U.S. Dist. LEXIS 20655 (E.D.N.Y. 2009)……………………………………6
*Tolentino v. Friedman*, 46 F. 3d 645 (7th Cir. 1995) …………………………………….6
*Union Central Life Insurance Company v. Berger*,
  2013 U.S. Dist. LEXIS 175759 (S.D.N.Y. Dec. 12, 2013)…………………………5
*Virgin Atlantic Airways, Ltd. v. National Mediation Board*,
  956 F.2d 1245 (2d Cir. 1992)……………………………....…………………….2
*Wiener v. Bloomfield*, 901 F. Supp. 771 (S.D.N.Y. 1995) ………………………………3
*Winkfield v. Kirschenbaum & Phillips, P.C.*,
  2013 U.S. Dist. LEXIS 12093 (S.D.N.Y. Jan. 29, 2013) …………………………..5
*Wise v. Kelly*, 620 F. Supp. 2d. 435 (S.D.N.Y. 2008) ……………………………….6, 7

**Rules**

S.D.N.Y. Local Civil Rule 6.3……………………………………………………………2

**Statutes**

15 U.S.C. § 1692k(a)(3)……………………………………………………………………1, 9

Defendant, Portfolio Recovery Associates, LLC ("PRA"), submits this Memorandum of Law in Opposition to Plaintiff's Motion for Reconsideration of the Court's December 12, 2013, Memorandum Opinion & Order (Doc. 95) (the "Opinion") granting in part and denying in part Plaintiff's Motion for Attorneys' Fees and Costs. Plaintiff's motion should be denied because the Court made no error in its finding of fact or conclusions of law in the Opinion and Order and Plaintiff has no new evidence.

## PROCEDURAL HISTORY REGARDING PLAINTIFF'S APPLICATION FOR ATTORNEYS' FEES

On May 14, 2009, Plaintiff Jason Zimmerman ("Plaintiff") filed a complaint alleging PRA violated certain provisions of the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. §§ 1692, et seq. when it sent him a letter containing unfiled legal pleadings. (Doc. 1). After a short period of discovery, and on motion for summary judgment, the Court found that PRA violated the FDCPA and certified the case as a class action. Opinion and Order, September 15, 2011 (Doc. 49), pp. 6-8. No trial was needed to resolve the matter. Class damages were assessed by the Court against PRA in its Opinion and Order of March 27, 2013. (Doc. 13).

The FDCPA permits, "in the case of a successful action . . . liability, the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). On May 6, 2013, Plaintiff moved pursuant to § 1692k(a)(3) for an award of his costs and reasonable attorney's fees. (Doc. 86). PRA opposed the motion and disputed the requested rates for attorneys' time and the reasonableness of the time expended by Plaintiff's counsel and staff. (Doc. 93). On December 12, 2013, the Court issued the Opinion granting in part and denying in part Plaintiff's request for fees. (Doc. 95) ("Opinion"). The Court denied fees for all attorneys except for Sergei Lemberg and

1

Stephen Taylor, whose time together accounted for "nearly two-thirds" of the hours billed. (Opinion, pp. 13, 19). The Court reduced the rates for Lemberg and Taylor to $300 and $200 respectively. *Id.* at 15-16. The Court awarded $127,550.00 in fees. (*Id.* at 25). On December 26, 2013, Plaintiff filed a Motion for Reconsideration of the Court's Memorandum Opinion & Order on Plaintiff's Motion for Attorneys' Fees and Costs alleging there was a clear error of law in the Court's Opinion. (Doc. 97) ("Plaintiff's Reconsideration Brief").

## STANDARD OF REVIEW

"A motion for reconsideration is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Drapkin v. Mafco Consol. Grp., Inc.*, 818 F. Supp. 2d 678, 695 (S.D.N.Y. 2011) (quotation marks and citation omitted). Thus, "[t]he threshold for prevailing on a motion for reconsideration is high." *Nakshin v. Holder*, 360 F. App'x 192, 193 (2d Cir. 2010). "The major grounds justifying reconsideration are 'an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Cordero v. Astrue*, 574 F. Supp. 2d 373, 379-80 (S.D.N.Y. 2008) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)). "Local Rule 6.3 is to be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court." *Psihoyos v. John Wiley & Sons, Inc.*, 2013 U.S. Dist. LEXIS 118863, at *3 (S.D.N.Y. Aug. 19, 2013) (quoting *Dellefave v. Access Temporaries, Inc.*, 2001 U.S. Dist. LEXIS 3165 at *1 (S.D.N.Y. Mar. 22, 2001)).

**ARGUMENT**

I. **REASONABLE HOURLY RATE**

    A. **The Case was Not Complex.**

Plaintiff's motion for reconsideration is based on an argument that the Court made a clear error in its Opinion. *See* Plaintiff's Reconsideration Brief pp. 4, 8. The first part of Plaintiff's motion is based on an argument that higher rates should be granted because of the "complex nature" of the case. However, the Court stated in its Opinion that this was a straightforward issue that has been decided previously in the Southern District of New York:

> Here, neither the scope nor the complexity of the issues presented justifies the number of lawyers assigned to, and the hours expended on, this litigation. This matter is a routine FDCPA case, involving the Defendant's use of simulated legal process. Defendant's conduct is not novel, see, e.g., Wiener v. Bloomfield, 901 F. Supp. 771, 776-78 (S.D.N.Y. 1995) (granting summary judgment to plaintiff in FDCPA case where defendant sent plaintiff documents that conveyed "the ... impression ... that legal proceedings had been instituted against the plaintiff").

Opinion p. 18.

Plaintiff argues that ". . . in determining a reasonable hourly rate, the Court considered only the simplest of Fair Debt cases to the exclusion of any others." Plaintiff's Reconsideration Brief, p. 5. This argument was already considered and rejected by the Court when it reasoned that this matter was a straightforward FDCPA case that resulted in no groundbreaking results. *See* Opinion, p. 18. The complexity of this case *was* considered by the Court in its Opinion as was the prevailing market rate for FDCPA cases. Every single case cited by the Court in support of its determination of the reasonable hourly rate was an FDCPA case from the Southern District of New York, including a case that involved Lemberg's own fees. An FDCPA case is an FDCPA case

3

and Plaintiff has cited no controlling cases to support his proposition that FDCPA class actions *require* higher hourly rates than single plaintiff cases. Plaintiff's argument of complexity is belied by his own litigation practice of filing briefs containing boiler plate arguments as well as the infamous: "[WILL ADD STUFF – THIS WAS TAKEN FROM ANOTHER MOTION]." (*See* Plaintiff's Memorandum of Law in Support of Motion to Certify Class; Doc. No. 34, p. 10).[1]

### B.  The Hourly Rates were Properly Determined by the Court.

Because the FDCPA provides Plaintiff may recover his *reasonable* attorney's fees, a court's determination of a reasonable attorney fee employs the familiar "lodestar" method. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar formula requires a determination of the "number of hours reasonably expended on the litigation" multiplied by a "reasonable hourly rate." *Id.* In making this determination the court examines the market rate "[p]revailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895, n.11 (1984). The relevant community is generally the "district in which the court sits." *Polk v. New York State Dep't of Corr. Servs.*, 722 F.2d 23, 25 (2d Cir. 1983). Likewise, the Court can also determine the reasonable hourly rate from its own knowledge of comparable rates charged by attorneys in the district. *Merck Eprova AG v. Brookstone Pharms., LLC*, No. 09 Civ. 9684 (RJS), 2013 U.S. Dist. LEXIS 90474 (S.D.N.Y. June 10, 2013) (quoting *Morris v. Eversley*, 343 F. Supp. 2d 234, 245

---

[1] Ironically, Plaintiff submitted this brief with copied and pasted arguments in support of his motion for class certification, while in his Reconsideration Brief he argues that an attorney deserves a higher rate for litigating a class action.  On one hand, Plaintiff argues that this case was complex because it was a class action, yet his own brief suggests that his arguments were simply cut and pasted from other matters.

4

(S.D.N.Y. 2004)); *see also Union Cent. Life Ins. Co. v. Berger*, 2013 U.S. Dist. LEXIS 175759, at *9 (S.D.N.Y. Dec. 12, 2013) (citing *Epovra*).

Plaintiff's Motion for Attorney's Fees and Costs provided *no evidence* of the market rate prevailing in this district for "similar services." (Doc. 85-1, p. 12). Instead, Plaintiff relied upon rates awarded in a Fair Labor Standards Act action and in an "Individuals with Disabilities Education Act" class action. *Id.* While Plaintiff's initial motion did point to FDCPA cases *outside* this district, there was no reason to do so when so many decisions within this district had already carefully examined the issue. None of these in-district cases were addressed by Plaintiff in his initial motion.

Especially troubling was Plaintiff's failure to address *Winkfield v. Kirschenbaum & Phillips, P.C.*, 2013 U.S. Dist. LEXIS 12093 (S.D.N.Y. Jan. 29, 2013) which squarely addressed the reasonableness of one of the same attorneys in this matter – Sergei Lemberg, and found that "the hourly rates sought by Lemberg are inconsistent with rates approved in this district for Fair Debt Collection Practices Act (FDCPA) litigation." *Id.* at *9. That opinion, filed only 90 days before Plaintiff filed his Reconsideration Motion here, fixed Mr. Lemberg's hourly rate at $300.00, the same hourly rate allowed by the Opinion. Likewise, the Court in *Winkleman* noted that it is the practice of courts within the Southern District of New York to "generally approve fees of $200-$325 per hour in FDCPA cases and reject fee requests over that amount." *Id.* The Opinion is consistent with the prevailing market rate in this district for similar services.

Plaintiff cites to the settlement agreement filed in the *De La Paz* case in support of his argument that his attorneys' rates should be higher. However the defendant in *De La Paz* did not contest the rates for senior counsel. The District Court's opinion suggests

5

that the rate may have been reduced if the defendants had argued for such a reduction and that the hourly rates were not consistent with rates for FDCPA cases within this district. *See De La Paz v. Rubin & Rothman, LLC*, 2013 U.S. Dist. LEXIS 168093 at *20 (S.D.N.Y. Nov. 25, 2013) ("Although not contested by Defendants, attorney Fishman's hourly rate of $550 and attorney Shollenberger's hourly rate of $400 are at the high end of rates awarded for FDCPA work in this district and our sister districts, even for experienced counsel."). In any event, *De La Paz* does not *require* the Court to award Plaintiff's attorneys the excessive rates that they seek and is contrary to the overwhelming majority of cases cited by this Court in its Opinion as well as the rate established for Mr. Lemberg in *Winkfield*.

In addition, Plaintiff continues to rely on *Gross v. Washington Mut. Bank, F.A.*, 02-CV-4135 (RML), 2006 U.S. Dist. LEXIS 16975 (E.D.N.Y. Feb. 9, 2006), *Rodriguez v. Pressler & Pressler, LLP*, 06-cv-5103 (BMC/JO), 2009 U.S. Dist. LEXIS 20655 (E.D.N.Y. 2009) and *Tolentino v. Friedman*, 46 F. 3d 645 (7th Cir. 1995) despite the fact that they are decisions from other jurisdictions and have no bearing on the prevailing market rate in the Southern District of New York.

Plaintiff's reference to *Wise v. Kelly* for the prevailing market rate is also misplaced as *Wise* was a civil rights case involving "one of the most competent, successful, and reputable civil rights firms practicing in this court." *Wise v. Kelly*, 620 F. Supp. 2d. 435, 445 (S.D.N.Y. 2008). While Plaintiff contends that the *Wise* court "refused to reduce counsel's hourly rate" (Plaintiff's Reconsideration Brief, p. 6), that contention is a gross misstatement -- the hourly rates of the attorneys were reduced, not approved. *Id.* at 447, 452, 453, 456, 460, 461. The Wise court held "that Plaintiffs have

not met their burden of establishing that the rates of $450 per hour for Brinckerhoff and $325 per hour for Rosenfeld are entirely appropriate and reasonable." *Id.* at 445.

It was not error for the Court to consider the numerous FDCPA cases from within this district (all of which had been decided within the past two years) to determine the reasonable hourly rate, particularly a decision which found attorney Lemberg's requested rate "excessive." *See New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1146 (2d Cir. 1983) ("... [Fee] decisions are best made by the district court on the basis of its own assessment of what is appropriate for the scope and complexity of the particular litigation."). Plaintiff's burden is to show clear error or manifest injustice, and it is an extremely high burden to satisfy. Plaintiff has failed to cite any authority or evidence that even suggests clear error or manifest injustice in the rates here. Rather, all of the decisions noted above demonstrate the reasonable rates established in the Opinion are consistent with those allowed in FDCPA cases within this district. Accordingly, Plaintiff's request for reconsideration of the hourly rates must be denied.

## II. REDUCTION OF HOURS

Plaintiff acknowledges that the Court may impose an across-the-board percentage reduction in hours, however he disagrees that the Court may strike the unnecessary and duplicative tasks performed by attorneys Mushkin and Schneiderman. For this proposition, Plaintiff appears to cite *Luciano v. Olsten Corp.*, 109 F.3d 111, 117 (2d Cir. 1997); *Wise v. Kelly*, 620 F. Supp. 2d. 435, 445 (S.D.N.Y. 2008); and *De La Paz v. Rubin & Rothman, LLC*, 2013 U.S. Dist. LEXIS 168093 (S.D.N.Y. Nov. 25, 2013). However, none of these cases prohibit a court from excluding hours by attorney, nor do any of these cases require an "across-the-board" reduction as suggested by Plaintiff. The *Luciano*

7

Court only held that it was appropriate for the court to make the across the board reduction. Moreover, the hotly contested action in *Luciano*, including its month long trial, was ably handled by lead counsel, a fifth year associate and a third year law student. *Luciano*, 109 F.3d at 114.

*Wise v. Kelly* also does not require an across the board reduction as opposed to disallowance of fees. Moreover, the Court in *Wise* deducted various portions of the requested fees *in addition to* the percentage reduction. *Wise*, 620 F. Supp. 2d at 447, 452, 453, 456, 460, 461, 462. Similarly, the *De La Paz* Court approved but did not mandate an across the board percentage reduction. In fact, *De La Paz* cited controlling Second Circuit authority that "'there are no hard-and-fast rules' governing calculation of fee awards, that '[a]mple authority supports reduction in the lodestar figure for . . . forms of duplicative or inefficient work,' and that '[t]he district judge is in the best position to weigh the respective input of counsel.'" *De La Paz*, 2013 U.S. Dist. LEXIS at \*\*16-17 (quoting *In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 226, 237 (2d Cir. 1987) and *Bliven v. Hunt*, 579 F.3d 204, 213-14 (2d Cir. 2009)). Furthermore, the *De La Paz* Court recognized that "'In assessing the extent of staffing and background research appropriate for a given case, a district court must be accorded ample discretion,' and its determinations 'will be overturned on appeal only when it is apparent that the size of the award is out of line with the degree of effort reasonably needed to prevail in the litigation.'" *Id.* at \*18 (quoting *New York State Ass'n for Retarded Children*, 711 F.2d at 1146.

In its discretion, the Court found that Plaintiff's attorneys overstaffed the case. Opinion, pp. 18-19. "[I]t is appropriate to allow the district court discretion to determine

8

the amount of a fee award, given its 'superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters.'" *Comm'r v. Jean*, 496 U.S. 154, 161 (1990) (quoting *Hensley v. Eckerhart*, 461 U.S. at 437). Especially in the context of determining reasonable attorney's fees under § 1692k(a)(3), it was appropriate for the Court to reduce and disallow certain fees. When making fee determinations under fee-shifting statutes, the Supreme Court "favors treating a case as an inclusive whole, rather than as atomized line-items." *Comm'r v. Jean*, 496 U.S. at 162.

Plaintiff may disagree with the Court's finding but can point to no clear error of law or manifest injustice in the Opinion. For these reasons, Plaintiff's request for reconsideration of the reduction in hours must be denied.

## **CONCLUSION**

Due to the fact that Plaintiff has failed to cite any controlling authority to indicate the existence of a clear error or manifest injustice in the Court's Opinion, Defendant

respectfully requests that the Court deny Plaintiff's Motion for Reconsideration in its entirety.

January 9, 2014

                                    Respectfully submitted,

                                    **MAURICE & NEEDLEMAN, P.C.**

                                    **/s/ Donald S. Maurice**
                                    Donald S. Maurice, Esq.
                                    Attorney for Defendant,
                                    PORTFOLIO RECOVERY
                                    ASSOCIATES, LLC
                                    5 Walter Foran Blvd., Ste 2007
                                    Flemington, NJ 08822
                                    (908) 237-4550
                                    dsm@mnlawpc.com

## **CERTIFICATE OF SERVICE**

I, Donald S. Maurice, Jr., hereby certify that Defendant's Memorandum of Law in Opposition to Plaintiff's Motion for Reconsideration of the Court's Memorandum Opinion & Order on Plaintiff's Motion for Attorneys' Fees and Costs was served on this date via ECF on:

**Sergei Lemberg, Esq.**
**Stephen Taylor, Esq.**
Lemberg & Associates L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905

*/s/ Donald S. Maurice*
Donald S. Maurice, Esq.

January 9, 2014