UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JASON ZIMMERMAN,

            Plaintiff,

-against-

PORTFOLIO RECOVERY
ASSOCIATES, LLC,

            Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/16/14

**ORDER**

09 Civ. 4602 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

        Plaintiff Jason Zimmerman brings this action against Defendant Portfolio Recovery Associates, LLC ("PRA") for violations the Fair Debt Collection Practices Act ("FDCPA"). On September 15, 2011, this Court granted Plaintiff's motion for summary judgment and class certification, Zimmerman v. Portfolio Recovery Assocs., LLC, 276 F.R.D. 174 (S.D.N.Y. 2011), and on March 27, 2013, it granted Plaintiff's motion for statutory damages and authorized a class award of $350,000. Zimmerman v. Portfolio Recovery Assocs., LLC, No. 09 Civ. 4602 (PGG), 2013 WL 1245552 (S.D.N.Y. Mar. 27, 2013). On December 12, 2013, the Court awarded Plaintiff attorneys' fees and costs in the amount of $130,118.85, which consisted of $127,550.00 in attorneys' and paralegals' fees, and $2,568.85 in costs. Zimmerman v. Portfolio Recovery Associates, LLC, No. 09 Civ. 4602 (PGG), 2013 WL 6508813, at *6-14 (S.D.N.Y. Dec. 12, 2013).

        On December 26, 2013, Plaintiff moved for reconsideration of the December 2013 attorneys' fee award, arguing that the Court committed "clear error" in calculating the award, and that allowing the award to stand would result in "manifest injustice." (Dkt. No. 97) For the reasons stated below, Plaintiff's motion is denied.

## BACKGROUND[1]

On September 15, 2011, this Court granted Plaintiff's motion for summary judgment and class certification, holding that PRA had violated the FDCPA by sending a "Pre-Suit Package" – debt collection documents simulating official court papers – to Zimmerman and other debtors. Zimmerman, 276 F.R.D. 174. The Court also granted Zimmerman's motion for certification of a class of approximately 990 people comprised of

> all consumers to whom the Defendant sent, within one year of the commencement of this action, a demand for payment letter on Portfolio Recovery Associates, LLC letterhead – signed by Catherine M. Hedgeman, Esq. – and enclosing a draft summons and complaint in a form materially identical or substantially similar to the "Pre-Suit Package" sent to Jason P. Zimmerman, and which was not returned as undeliverable by the Postal Service.

Id. at 180-81.

On March 27, 2013, this Court granted a class award of $350,000, to be distributed in $500 payments to class members who had completed and submitted a Claim Form after receiving a Class Notice from the class administrator. Zimmerman, 2013 WL 1245552, at *1, *7. The Court further ruled that the remainder of the class award, as well as any payments not cashed by claimants within 90 days, would be distributed as a cy pres award to a non-profit organization working to curb abusive debt collection practices or to increase consumer awareness of such practices. Id. at *7-8.

On May 3, 2013, Plaintiff moved for an award of attorneys' fees and costs pursuant to the FDCPA, 15 U.S.C. § 1692k(a)(3). (Dkt. No. 86) Plaintiff sought $433,541.60 in fees and $4,742.69 in costs. (Id.) The proposed award reflected the work of six attorneys – Sergei Lemberg, Stephen Taylor, Jody Burton, Jennifer DeFrancisco, Martin Mushkin, and

---

[1] Familiarity with this Court's prior orders in this action is presumed.

Susan Schneiderman – and three paralegals. (May 3, 2013 Pltf. Br. (Dkt. No. 87) at 11-13; see May 3, 2013 Lemberg Decl. (Dkt. No. 88), Ex. A)

In its December 12, 2013 order, the Court concluded that fees were recoverable only for the work of the lead senior lawyer (Lemberg), the lead associate (Taylor), and the three paralegals. Zimmerman, 2013 WL 6508813, at *7, *9-11. Together, Lemberg and Taylor accounted for nearly two-thirds of the total number of hours billed. (See May 3, 2013 Pltf. Br. (Dkt No. 87) at 11-12) While recognizing that "'"[t]he use of multiple attorneys . . . is not unreasonable per se,"'" the Court concluded that "assigning numerous attorneys to a simple and straightforward matter [like this one] present[ed] a significant risk of inefficiency, duplication, and unnecessary billing." See id. at *10 (quoting Simmonds v. N.Y.C. Dep't of Corr., No. 06 Civ. 5298 (NRB), 2008 WL 4303474, at *6 (S.D.N.Y. Sept. 16, 2008) (quoting Williamsburg Fair Hous. Comm. v. Ross-Rodney Hous. Corp., 599 F. Supp. 509, 518 (S.D.N.Y. 1984))) (second alteration in Simmonds). In approving an award less than what Plaintiff sought, the Court found that

> neither the scope nor the complexity of the issues presented justifie[d] the number of lawyers assigned to, and the hours expended on, this litigation. This matter is a routine FDCPA case, involving the Defendant's use of simulated legal process. Defendant's conduct is not novel. Indeed, it falls within the heartland of conduct that the FDCPA forbids.

Id. Accordingly, the Court approved an award that reflected only the time billed by Lemberg and Taylor – the two attorneys who played the most central roles in the litigation. Id. at *11.

This Court also found that the hourly rates sought for Lemberg's and Taylor's work on this matter were "'inconsistent with rates approved in this district for Fair Debt

3

Collection Practices Act (FDCPA) litigation.'"[2] Id. at *8 (quoting Winkfield v. Kirschenbaum & Phillips, P.C., No. 12 Civ. 7424 (JMF), 2013 WL 371673, at *3 (S.D.N.Y. Jan. 29, 2013)). In light of the hourly rates awarded in recent FDCPA cases in this District, the Court reduced Lemberg's hourly rate from $400 per hour to $300 per hour, and Taylor's hourly rate from $300 per hour to $200 per hour. See id.

## DISCUSSION

### I. LEGAL STANDARD

#### A. Motion For Reconsideration Standard

"Reconsideration of a previous order by the court is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" RST (2005) Inc. v. Research in Motion Ltd., 597 F. Supp. 2d 362, 365 (S.D.N.Y. 2009) (quoting In re Health Mgmt. Sys. Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (citations and quotation marks omitted)). "A motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court." Davidson v. Scully, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001). "The major grounds justifying reconsideration are 'an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 4478

---

[2] Lemberg is the founder, principal, sole member, and manager of Lemberg & Associates, LLC, and his billing rate is $400 per hour. (May 3, 2013 Pltf. Br. (Dkt No. 87) at 8; May 3, 2013 Lemberg Decl. (Dkt. No. 88) ¶ 1) Despite the fact that Lemberg is the senior lawyer at his firm, he billed more hours on this matter than any other lawyer. (See May 3, 2013 Pltf. Br. (Dkt No. 87) at 11-12) Taylor – a fifth-year associate at Lemberg & Associates, LLC, with a billing rate of $300 per hour – was the next highest biller (both by number of hours and gross fees). (May 3, 2013 Pltf. Br. (Dkt No. 87) at 8, 11-12; May 3, 2013 Taylor Decl. (Dkt. No. 90) ¶ 3)

4

at 790). "To these ends, a request for reconsideration under Rule 6.3 must demonstrate controlling law or factual matters put before the court in its decision on the underlying matter that the movant believes the court overlooked and that might reasonably be expected to alter the conclusion reached by the court. RST (2005) Inc., 597 F. Supp. 2d at 365 (citing Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)).

"Rule 6.3 is intended to '"ensure the finality of decisions and to prevent the practice of a losing party . . . plugging the gaps of a lost motion with additional matters."'" Id. (quoting S.E.C. v. Ashbury Capital Partners, L.P., No. 00 Civ. 7898, 2001 WL 604044, at *1 (S.D.N.Y. May 31, 2001) (quoting Carolco Pictures, Inc. v. Sirota, 700 F. Supp. 169, 170 (S.D.N.Y. 1988)). "A court must narrowly construe and strictly apply Rule 6.3 so as to avoid duplicative rulings on previously considered issues and to prevent Rule 6.3 from being used to advance different theories not previously argued, or as a substitute for appealing a final judgment." Id.

### B. The FDCPA and Attorneys' Fee Awards

"[T]he FDCPA . . . enlists the efforts of sophisticated consumers . . . as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others." Jacobson v. Healthcare Fin. Srvs., Inc., 516 F.3d 85, 91 (2d Cir. 2008). Accordingly, "[a] consumer who brings a successful FDCPA lawsuit can recover 'the costs of the action, together with a reasonable attorney's fee as determined by the court.'" Savino v. Computer Credit, Inc., 164 F.3d 81, 87 (2d Cir. 1998) (quoting 15 U.S.C. § 1692k(a)(3)). "Where a plaintiff prevails [in an FDCPA case], whether or not he is entitled to an award of actual or statutory damages, he should be awarded costs and reasonable attorney's

5

fees in amounts to be fixed in the discretion of the court." Id. (citing Pipiles v. Credit Bureau of Lockport, Inc., 886 F.2d 22, 27-28 (2d Cir. 1989); Emanuel v. Am. Credit Exch., 870 F.2d 805, 809 (2d Cir. 1989)).

"'Both the evaluation of reasonable attorneys' fees and the reduction of such fees lies within the sound discretion of the Court.'" Amaprop Ltd. v. Indiabulls Fin. Srvs. Ltd., No. 10 Civ. 1853 (PGG), 2011 WL 1002439, at *4 (S.D.N.Y. Mar. 16, 2011) (quoting ACE Ltd. v. CIGNA Corp., No. 00 Civ. 9423 (WK), 2001 WL 1286247, at *2 (S.D.N.Y. Oct. 22, 2001) (citing Shannon v. Fireman's Fund Ins. Co., 156 F. Supp. 2d 279, 298 (S.D.N.Y. 2001))); see also Suchodolski Assocs., Inc. v. Cardell Fin. Corp., Nos. 03 Civ. 4148(WHP), 04 Civ. 5732 (WHP), 2008 WL 5539688, at *2 (S.D.N.Y. Dec. 18, 2008) (citing Reed v. A.W. Lawrence & Co., Inc., 95 F.3d 1170, 1183 (2d Cir. 1996)). The starting point for an award of attorneys' fees is the "presumptively reasonable fee." Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany, 522 F.3d 182, 183 (2d Cir. 2008). This "initial estimate" is calculated by multiplying "the number of hours reasonably expended on the litigation . . . by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).

"In determining a reasonable rate, a court 'may rely on its own knowledge of comparable rates charged by lawyers in the district.'" Merck Eprova AG v. Brookstone Pharm., LLC, No. 09 Civ. 9684 (RJS), 2013 WL 3146768, at *1 (S.D.N.Y. June 10, 2013) (quoting Morris v. Eversley, 343 F. Supp. 2d 234, 245 (S.D.N.Y. 2004)). In exercising its discretion, the Court must "bear in mind all of the case-specific variables that . . . courts have identified as relevant," including "[t]he reasonable hourly rate . . . a paying client would be willing to pay," "bear[ing] in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." Arbor Hill, 522 F.3d at 190 (emphasis in original). Courts also

6

consider "the complexity and difficulty of the case, . . . the resources required to prosecute the case effectively (taking account of the resources being marshaled on the other side but not endorsing scorched earth tactics), the timing demands of the case, . . . and other returns (such as reputation, etc.) that an attorney might expect from the representation." Id. at 184.

## II. ANALYSIS

Plaintiff argues that the Court erred in (1) reducing the hourly rates of the attorneys who worked on this matter, and (2) calculating the total hours that were reasonably expended on this litigation. (Pltf. Br. (Dkt. No. 98) at 4-11) Plaintiff claims that reconsideration "is warranted here to correct clear error and prevent manifest injustice." (Id. at 4)

As to hourly rate, Plaintiff contends that this Court erred in relying on non-class action FDCPA cases in reducing Lemberg's and Taylor's rates. (Pltf. Br. (Dkt. No. 98) at 4) Plaintiff has cited no controlling law demonstrating that this Court was required to award higher hourly rates because this case is a class action.[3] To the extent that Plaintiff suggests that a class action automatically justifies a higher billing rate, this Court rejects that contention. While many

---

[3] In the only case from this District that Plaintiff cites – De La Paz v. Rubin & Rothman, LLC, No. 11 Civ. 9625 (ER), 2013 WL 6184425 (S.D.N.Y. Nov. 25, 2013) – defendants did not contest the hourly rates requested, and the assigned magistrate judge approved rates as high as $550 and $400 per hour. Id. at *12-13. Defendants challenged the number of hours billed, however, and the magistrate judge went on to recommend "an across the board reduction of the billed attorney hours by 30%." Id. at *14-15.

On review, the district court noted that defendants had not challenged the hourly rate sought by plaintiff, even though "attorney Fishman's hourly rate of $550 and attorney Shollenberger's hourly rate of $400 are at the high end of rates awarded for FDCPA work in this district and our sister districts, even for experienced counsel." Id. at *6. The district court accepted the rates, however, because – "[a]fter applying [the] 30% across-the-board fee reduction [recommended by the magistrate judge], the ultimate average rate for the fee award becomes more consistent with the prevailing rates in the district for FDCPA class action work." Id. The court then cited numerous cases approving rates in the range of $300 per hour or less. Id. at *6 n.7. In sum, the district court in De La Paz did not endorse billing rates of $550 and $400 per hour in FDCPA cases, as Plaintiff argues.

7

class actions are complex, this was not. As explained in the December 12, 2013 order, this case was simple and straightforward, liability was clear from the outset, and the risk of non-recovery was low. Moreover, the rates this Court awarded are consistent with those awarded in FDCPA cases in this District for attorneys of similar experience. See Zimmerman, 2013 WL 6508813, at *8. "[D]istrict court[s] [are] given broad discretion in granting a fee award and assessing a reasonable fee under the circumstances of the case." Luciano v. Olsten Corp., 109 F.3d 111, 115 (2d Cir. 1997). Plaintiff has not demonstrated that this Court's hourly fee determination justifies reconsideration of the attorneys' fee award.

As to number of hours, Plaintiff asserts that (1) the Court erred in striking the hours expended by attorneys other than Lemberg and Taylor, rather than applying an across-the-board reduction for all attorneys' hours, and (2) a 33% reduction of the total hours reflected in Plaintiff's fee application constitutes clear error, because this case was not overstaffed. (Pltf. Br. (Dkt. No. 98) at 8-11)

Plaintiff has cited no controlling law suggesting that the Court's decision to strike the hours of attorneys other than the senior partner and the lead associate was inappropriate. Simply because courts in other cases have applied across-the-board reductions for all attorneys' hours does not mean that this is the only proper method for addressing an excessive attorneys' fee request. As the Second Circuit has stated, "[i]n assessing the extent of staffing . . . appropriate for a given case, a district court must be accorded ample discretion." New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1146 (2d Cir. 1983). "[A] trial judge may decline to compensate hours spent by collaborating lawyers or may limit the hours allowed for specific tasks . . . [S]uch decisions are best made by the district court on the basis of its own assessment of what is appropriate for the scope and complexity of the particular

8

litigation." Id. "In calculating the number of 'reasonable hours,' the court looks to 'its own familiarity with the case and its experience with the case and its experience generally as well as to the evidentiary submissions and arguments of the parties.'" Clarke v. Frank, 960 F.2d 1146, 1153 (2d Cir. 1992) (quoting DiFilippo v. Morizio, 759 F.2d 231, 236 (2d Cir. 1985)).

For the reasons stated in the December 12, 2013 decision, the number of attorneys who worked on this case, and the number of hours they billed, was grossly excessive. Moreover, and contrary to Plaintiff's claim, the Court's decision to strike the hours billed by Mushkin and Schneiderman – as opposed to Taylor's hours – was not "arbitrary." (See Pltf. Br. (Dkt. No. 98) at 9) As previously explained, this case required the efforts of one partner and one associate, and Taylor was the associate who expended the greatest number of hours on this litigation.[4] Under these circumstances, and given that Lemberg and Taylor account for two-thirds of the total hours billed on this case, the decision to limit the award to the hours they billed was reasonable.

Plaintiff's argument that the case was not overstaffed in light of the legal issues involved and the "resources marshaled on the other side" is unavailing. (See id. at 9-11) Nothing cited by Plaintiff undermines this Court's conclusion that "neither the scope nor the complexity of the issues presented justifies the number of lawyers assigned to, and the hours expended on, this litigation." Zimmerman, 2013 WL 6508813, at *10. While Plaintiff emphasizes that Defendant "marshaled three attorneys to appear before this Court," and "sent three lawyers to the depositions of its employees" (Pltf. Br. (Dkt. No. 98) at 10-11), this does not

---

[4] Plaintiff's argument that Taylor billed only 1.6 hours before April 13, 2011 (see Pltf. Br. (Dkt. No. 98) at 1 & n.1, 9), highlights one of the issues with Plaintiff's fee application. Lemberg, the senior lawyer on the case, billed 291.6 hours, which is by far the greatest expenditure of time of any of the six attorneys who worked on this matter. (See May 3, 2013 Pltf. Br. (Dkt No. 87) at 11-12) This Court's fee award nonetheless reflects all of Lemberg's hours, even though the record strongly suggests that a less senior lawyer, with a lower billing rate, could have performed tasks that Lemberg chose to perform himself.

explain why Plaintiff required the services of six attorneys. Given that this is "a routine FDCPA case that broke no new ground," that liability was clear, and that "the risk of non-recovery was small," Zimmerman, 2013 WL 6508813, at *10, *12, representation by the senior partner and a senior associate would have sufficed.

None of Plaintiff's arguments demonstrate that the "extraordinary remedy" of reconsideration is warranted.

## CONCLUSION

For the reasons stated above, Plaintiff's motion for reconsideration is denied. The Clerk of the Court is directed to terminate the motion (Dkt. No. 97).

Dated: New York, New York
       September 16, 2014

SO ORDERED.

Paul G. Gardephe
United States District Judge